INDUSTRIAL ASSOCIATES, INC., Plaintiff,

v.

GOFF CORPORATION, Defendant.

No. C.A. 84–C–335.

United States District Court, E.D. Wisconsin.

June 15, 1985.

Thomas M. Pyper, Madison, Wis., for plaintiff.

J. Ric Gass, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This diversity action was filed on March 9, 1984 seeking legal and equitable relief under the Wisconsin Fair Dealership Law ("WFDL"), chapter 135, Wis.Stats. The parties reached a stipulation settling the action, and an order of dismissal was entered on May 1, 1984. The issue before the Court is the plaintiff's motion for relief from the final order of dismissal, pursuant to Fed.R.Civ.P. 60(b) and the court's equitable powers, and for leave to amend and supplement the complaint. The plaintiff's motion will be denied and specific performance of the settlement agreement will be ordered.

The defendant, Goff Corporation ("Goff"), is an Oklahoma manufacturer of shot blast equipment. The complaint alleges that the parties entered into an exclusive dealership agreement on April 20, 1977 which the defendant terminated in violation of the WFDL. At the March 15, 1984 hearing on the plaintiff's motion for a temporary restraining order, Goff contended that Industrial Associates was a mere sales representative and not a dealer under the WFDL, but agreed to maintain the status quo pending further proceedings. The stipulated settlement agreement was filed prior to the hearing on the plaintiff's request for a preliminary injunction.

Under the terms of the settlement, Goff agreed to: 1) pay all commissions due as of April 26, 1984 together with commissions due on several specified orders within 10 days of receipt of payment; and 2) provide copies of all invoices, purchase orders, correspondence and other paperwork reflecting the sale of parts and machines in the sales territory of Industrial Associates for a 1½ year period prior to April 26, 1984; in exchange for a full release of all of Industrial Associates' claims under the WFDL and any other law. Goff was also entitled to offset amounts due for parts shipped to the plaintiff as of April 13, 1984 against commissions, and Industrial Associates was entitled to return any unused inventory parts for credit.

The plaintiff, proceeding with new counsel, filed the motion for relief from final order on January 9, 1985 arguing that Goff breached both provisions in the decree. Goff opposed the motion and both parties filed affidavits and other documents in support of their respective positions. The Court heard oral argument on May 17, 1985, and took the matter under advisement.

The plaintiff contends that the commissions were due within 10 days of Goff's receipt of any payment for covered transactions, and that the defendant failed to pay any commissions until after this motion

was filed. By letter dated October 5, 1984, the president of Industrial Associates wrote to Goff requesting a breakdown of commissions due, reflecting $6,000 in parts returned for credit. The plaintiff contends that Goff's sales manager had previously conceded in a telephone conversation that Goff owed some payment of commissions since its offsets had been exhausted.

Industrial Associates also contends that many of the documents it was entitled to receive under the terms of the settlement were not provided until after this motion was filed, even though they were specifically requested in the October 5 letter. The plaintiff contends that the document production requirement was intended to provide an accounting for the commissions due, and to permit Industrial Associates to continue servicing the customers in its area as part of its replacement parts business. The plaintiff contends that the damage to its replacement parts business due to Goff's failure to timely supply documentation on its sales is irreparable, and justifies reopening this action.

Goff contends that the settlement agreement has not been breached. Goff contends that no commissions were due until recently because of the offset for replacement parts and the addition of machinery sold to Kohler Co. to Industrial Associates' account which was invoiced to the plaintiff. Thus, according to Goff, no commissions were due prior to the receipt of Industrial Associates' payment for the Kohler order. Goff also contends that because there was no provision indicating that time was of the essence in the documentation requirement, the delay in production is not a breach. Moreover, the documentation provision contains no stated purpose and Goff contends that it would not have agreed to this requirement had it known that the plaintiff intended to use these documents to solicit Goff's customers.

Goff's position is premised on its argument that no commissions were due under the agreement until 10 days after *final* payment is received. Goff contends that this interpretation is consistent with the parties' prior practice and industry custom in general. Goff similarly argues that paperwork on executory transactions are due when the sale is complete and all the paperwork can be provided. Industrial Associates vigorously disputes this view, and notes that Goff did not object to the contrary interpretation expressed in the plaintiff's October 5, 1984 letter.

■■■ Assuming without deciding that Goff breached the settlement agreement as alleged, Industrial Associates has not demonstrated that extraordinary circumstances create a substantial danger of an unjust result. Under Fed.R.Civ.P. 60(b), a district court has a duty to vacate a prior order of dismissal when required in the interests of justice, not whenever a settlement agreement has been breached. *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir.1982). The framers of Rule 60(b) set a high value on the societal interest in the finality of litigation, and consequently, a motion to reopen seeks an extraordinary remedy that is justified only when there is a substantial danger of an unjust result. *Merit Insurance Co. v. Leatherby Ins. Co.*, 714 F.2d 673 (7th Cir.1983), cert. den. 104 S.Ct. 529. *DiVito v. Fidelity and Deposit Co.*, 361 F.2d 936 (7th Cir.1966).

The provision for payment of commissions within 10 days of receipt which was drafted by the plaintiff, does not specify whether this is a continuing duty applicable to partial payments, or covers only final payments. The accepted legal meaning of the term "payment" is satisfaction of a debt in full. The plaintiff presented evidence which shows, however, that even under defendant's interpretation of the provision, commissions were due prior to the Kohler Co. sale and long before the motion was filed. Even if the Court accepts the plaintiff's interpretation that commissions on partial payments are due within 10 days of receipt, the delay in paying the commissions does not create a substantial danger of an unjust result because the breach can be cured by an order for specific performance.

The document production requirement did not contain any time limitation or statement of purpose. The Court cannot find that there is a substantial danger of an unjust result because the documents which have now been provided are too late for the plaintiff to use in accomplishing a business purpose which is not stated in the agreement. From the language in the agreement, it is reasonable to assume that the documentation provision was intended to provide an accounting of the commissions due, and consequently, that no amount of delay in compliance could cause irreparable harm to the plaintiff. Again, Industrial Associates insisted upon and drafted this provision and any ambiguity should be construed against it.

Finally, the plaintiff made only one written inquiry concerning these issues, and it was dated 5 months after this action was dismissed. The October 5, 1984 letter is conciliatory in tone and again fails to specify any time frame for the requested statement on commissions and additional documentation. The letter provided the defendant with notice that the plaintiff was asserting its rights under the settlement agreement, but made no reference to any breach of the agreement or the possibility of recourse to the Court. Three months later, Industrial Associates filed this motion.

The factors discussed above do not excuse the defendant's failure to promptly comply with the terms of the settlement agreement. After this motion was filed, Goff produced many additional documents that should have been turned over to Industrial Associates with the first set of documents produced in the summer of 1984. No payment of commissions or accounting of the amounts due or credited was provided until after the motion was filed.

There is no question that Goff failed to promptly comply with both the letter and the spirit of the settlement agreement, but accepting all of the plaintiff's allegations as true, the Court cannot find that extraordinary relief is necessary to prevent an unjust result. The plaintiff's motion to reopen the action and amend the complaint to join an additional defendant and include claims for punitive damages would greatly exceed the scope of the original action. With the aid of hindsight, parties often decide that they did not reach an advantageous settlement agreement, and see a breach of the agreement as an avenue for achieving what they wish they had accomplished initially. The societal interest in the finality of litigation dictates, however, that a court first consider ordering specific performance of the agreement unless the interests of justice require a more drastic remedy.

Based upon all of the evidence and arguments presented in this matter, the Court concludes that reopening this action would not be in the interests of justice. The defendant contends that it has fully complied with the terms of the settlement agreement since the motion was filed, and agreed to allow the plaintiff's accountants to examine its records to verify this assertion. The parties are directed to resolve their differences according to the terms of the settlement agreement, which will be specifically enforced under the Court's equity power, and to file a status report with the Court on or before August 2, 1985.

IT IS THEREFORE ORDERED that the plaintiff's motion for relief from final order and for leave to amend and supplement complaint is denied.

IT IS FURTHER ORDERED that the defendant specifically perform each of its obligations under the settlement agreement approved by the Court on May 1, 1984.

IT IS FURTHER ORDERED that the plaintiff file a status report with the Court on or before August 2, 1985.