**INDUSTRIAL ASSOCIATES, INC.,**
Plaintiff-Appellant,

v.

**GOFF CORPORATION,**
Defendant-Appellee.

No. 85–2226.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1986.

Decided April 2, 1986.

Thomas M. Pyper, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for plaintiff-appellant.

J. Ric Gass, Kasdorf, Dall, Lewis & Swietlik, S.C., Milwaukee, Wis., for defendant-appellee.

Before CUMMINGS, Chief Judge, and BAUER and CUDAHY, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff, Industrial Associates, Inc. ("IA"), appeals from the denial of its motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure and for leave to amend and supplement its complaint. The district court, 106 F.R.D. 260, denied plaintiff's motion on the grounds that it failed to demonstrate that extraordinary circumstances exist which create a substantial danger of an unjust result. We affirm.

I.

The defendant, Goff Corporation ("Goff"), manufactures shot blast equipment in Oklahoma. On April 20, 1977, Goff and IA entered into a dealership agreement making IA a dealer in Wiscon-

sin for Goff's shot blast machines. In February 1984 Goff notified IA that the dealership would be terminated effective March 10, 1984. IA alleged that this notice violated the requirements of the Wisconsin Fair Dealership Law, Chapter 135, Wis.Stat., ("WFDL"), and that IA was entitled to relief thereunder. Later, IA and Goff entered into a settlement agreement that is embodied in a Stipulation and Order for Dismissal entered on May 1, 1984.

Under the terms of the settlement, Goff agreed to: (1) pay all commissions due as of April 26, 1984 together with commissions due on several specified orders within ten days of receipts; (2) provide copies of all invoices, purchase orders, correspondence and paperwork reflecting the sale of parts and machines in the sales territory of IA for a one and a half year period prior to April 26, 1984, in exchange for a full release of all of IA's claims under the WFDL and any other law. IA agreed that Goff was entitled to offset the amount due for parts shipped to IA as of April 13, 1984 against commissions, and IA was entitled to return any unused inventory for credit.

On January 8, 1985, IA moved to reopen the case under Rule 60(b)(3), (4), (5), and (6), alleging that Goff failed to make payments and tender the documents in a timely fashion.

The district court found that Goff "failed to promptly comply with the letter and the spirit of the settlement agreement," but that specific performance of the settlement agreement by Goff would suffice. The court found that IA had not shown "extraordinary circumstances" requiring further relief, and that IA was therefore not entitled to reopen the case pursuant to Rule 60(b). This appeal followed.

## II.

The extraordinary circumstances test is the proper standard for determining whether relief under 60(b)(6) is appropriate. *Klapprott v. U.S.,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). IA argues that the Supreme Court in *Klapprott* intended that the extraordinary circumstances that create a substantial danger of an unjust result are only required by subsection (6) in cases where the movant seeks relief under subsection (6) because the movant is time barred under one of the other five subsections. This position is incorrect. The Supreme Court specifically held in *Klapprott* that subsection (6) could never be used in cases where the grounds asserted fit under any of the previous five subsections. Thus, because the Court clearly did not intend that subsection (6) be a vehicle through which the grounds for relief stated in the first five subsections be asserted, it is most unlikely that the Court intended that the extraordinary circumstances test be limited to such situations.

One year after the *Klapprott* decision, the Court decided *Ackermann v. U.S.,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). It left no doubt that 60(b)(6) should apply only in cases where the movant alleges extraordinary circumstances. The Supreme Court specifically stated: "the *Klapprott* case was a case of extraordinary circumstances [and this is what] brought it within Rule 60(b)(6)."

Finally, we held in *Merit Insurance Co. v. Leatherby Ins. Co.,* 714 F.2d 673 (7th Cir.1983), that the movant must prove extraordinary circumstances for relief from judgment under Rule 60(b)(6). In *Merit,* the failure of a neutral arbitrator to disclose a prior business relationship with a principal of one of the parties to the arbitration did not justify the district court in using its powers under Rule 60(b) and the U.S. Arbitration Act to set aside the award. We held that the movant must show not only that an arbitrator had violated the ethical and legal standards for arbitrators, but that the violation created a substantial danger of an unjust result.

Thus, the great weight of authority and stare decisis require a showing of ex-

traordinary circumstances. IA failed to meet this burden. Goff's alleged breach of the stipulation caused by a delay in tendering the commissions and documents was cured by specific performance and therefore does not warrant the extraordinary remedy contemplated by Rule 60(b)(6).

### III.

■ Goff's alleged breach of the Stipulation did not create a substantial danger of an unjust result. On appeal IA argues primarily that it needed the customer lists from Goff in order to be able to continue to sell replacement parts, and by receiving some of the documents allegedly late, it is irreparably harmed. However, IA did not state a time limitation or purpose for the documents in the Stipulation and cannot now claim a substantial danger of an unjust result on this unstated purpose.

### IV.

■ The district court may not be reversed unless clear abuse of discretion is shown. *DiVito v. Fidelity & Deposit Co. of Maryland,* 361 F.2d 936 (7th Cir.1966). IA's claim that we should strictly view the district court's decision is without merit. We find no such abuse of discretion here. For the foregoing reasons the judgment is

AFFIRMED.