Leland G. NEUBERG and Joel
G. Neuberg, Plaintiffs,

v.

MICHAEL REESE HOSPITAL AND MEDICAL CENTER, a corporation, Michael Reese Research Foundation, a corporation, Arthur H. Rosenblum, J. William Holland, as Special Administrator of the Estate of Philip Rosenblum, and J. William Holland, as Special Administrator of the Estate of Erich Uhlmann, Defendants.

No. 75 C 3844.

United States District Court,
N.D. Illinois,
Eastern Division.

May 3, 1996.

Charles E. Adler, Adler & Adler, Chicago, IL, for Leland G. Neuberg, Joel G. Neuberg.

Margaret R. Wolot, French, Kezelis & Kominiarek, P.C., Chicago, IL, for Michael Reese Hospital & Medical Center.

David A. Kanter, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Susan Levitin.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is Plaintiffs' Motion to Vacate Dismissal of 3/28/94 and for Entry of Judgment in Accordance with Terms of the Settlement Agreement. For the reasons that follow, the motion is denied.

### I. *Background*

Plaintiffs Leland Neuberg and Joel Neuberg commenced this action against Defendants in 1975. All the parties to the lawsuit reached a Settlement Agreement on March 25, 1994. On March 28, 1994, the date set for trial, the court entered an agreed order dismissing the case based upon the parties' representation that a settlement had been reached. Pursuant to the agreement, a total sum of $350,000 was to be paid to Plaintiffs by various insurance carriers on behalf of Defendants.

After this court dismissed the case, Defendants insisted upon receiving executed releases of Plaintiffs' attorneys' liens prior to releasing the settlement checks. Plaintiffs refused, claiming that the notification of attorneys' liens contradicted the settlement agreement. On October 5, 1994, Plaintiffs executed a release, discharge and confidentiality agreement.[1] In exchange for the signed release agreements, Defendants tendered to Plaintiffs settlement checks made payable jointly to Plaintiffs and their prior attorneys. Plaintiffs rejected these drafts since they were not made payable solely to them. Plaintiffs also claim that two of the checks "were further defective because they bore validity dates that had already expired."

Plaintiffs filed the instant motion in January 1996, almost twenty-one months after the court dismissed the case. Plaintiffs move this court to vacate its order dismissing the case and to enter a separate judgment in accordance with the terms of the settlement agreement between the parties. The court rejects Plaintiffs' arguments and denies the motion. As such, the case remains closed.

### II. *Discussion*

■ Federal Rule of Civil Procedure 60(b)(6) provides that a district court may "relieve a party ... from a final judgment, order, or proceeding ... [for] any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A district court may vacate judgments pursuant to the Rule "whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). A Rule 60(b) dismissal is an "extraordinary remedy and is granted only in exceptional circumstances," *Dickerson v. Board of Educ. of Ford Heights,* 32 F.3d 1114, 1116 (7th Cir.1994); the movant bears the burden of showing that extraordinary circumstances exist which warrant vacating the earlier dismissal order. *Industrial Assoc., Inc. v. Goff Corp.,* 787 F.2d 268, 269 (7th Cir.1986). "The rule is not intended to enable litigants to avoid the consequences of a decision to settle or compromise which in retrospect appears unfortunate." *Smith v. Widman Trucking & Excavating, Inc.,* 627 F.2d 792, 795 (7th Cir.1980). The court has sound discretion to determine whether the facts require vacating its earlier order. *Id.*

■ In the instant case, both parties make great efforts to dispute the state of the law with regard to settlement agreements. The parties disagree as to whether the court may vacate its dismissal order where it finds that a party has repudiated the settlement agreement upon which the court relied in dismissing the case. Without citation, Defendants proclaim, "[t]he Seventh Circuit has clearly indicated that the purported breach of a settlement agreement does not constitute the 'extraordinary circumstances' necessary to invoke Rule 60(b)(6)." Plaintiffs take issue with Defendants' version of the law—and with good reason; the court can find no recent caselaw which supports Defendants' submission. While the Seventh Circuit has not directly addressed the issue, other cir-

---

1. This document was separate and apart from the releases of attorneys' liens sought by Defendants.

cuits and district courts within this circuit have consistently held that "[r]epudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order." *Keeling v. Sheet Metal Workers Int'l Assn.*, 937 F.2d 408, 410 (9th Cir.1991). *See also Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.1976) ("attempted repudiation of [an] agreement on which ... dismissal rested constituted full justification" for dismissal); *Fairfax Countywide Citizens Assn. v. Fairfax County*, 571 F.2d 1299, 1302–03 (4th Cir.1978); *Brummerstedt v. American Airlines, Inc.*, 1994 WL 530807 (N.D.Ill. Sept. 29, 1994) ("we do have the discretion to vacate an order where ... repudiation [of a settlement agreement] occurs ..."); *Strama v. Peterson*, 96 F.R.D. 198, 199 (N.D.Ill.1982). Repudiation is much more than a disagreement with conditions of the settlement; repudiation is a "complete frustration" of the agreement. *Keeling*, 937 F.2d at 410. As such, the court considers whether Defendants have completely frustrated the agreement.

Plaintiffs argue that Defendants "failed to pay the settlement sum ... as promised in the [agreement]." The court finds to the contrary. Defendant attempted to pay, but Plaintiffs refused the proffered checks. The issuance of checks made payable to additional payees and bearing alleged expired validity dates is not tantamount to a complete frustration of the settlement agreement. The court acknowledges that the terms of the agreement may be ambiguous, but it is not within the court's province to determine the terms of the ambiguous agreement without either prior retention of jurisdiction, which this court did not do, or reassumption of jurisdiction by the granting of this motion, which this court will not do.

The court notes that the dismissal order was entered on March 28, 1994, the trial date. The transcript of proceedings on that date shows that the court contemplated the occurrence of a later dispute, but specifically refused to retain jurisdiction. Further, the court intentionally did not set forth the terms and conditions of the settlement agreement in its dismissal order. As the United States Supreme Court stated: "If the parties wish[ed] to provide for the court's enforcement of a dismissal-producing settlement agreement, they [could have sought] to do so. When [a] dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), [as was dismissed here,] ... the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order...." *Kokkonen v. Guardian Life Ins. Co. of America*, — U.S. —, —, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994). Yet, the parties to the instant matter did not move the court to retain jurisdiction, nor did they request the terms of the agreement be set forth in the order.

The evidence shows that the Defendants did, in fact, tender the settlement checks with the appropriate monetary amounts. Whether the checks bore expired validity dates when tendered is questionable. The court finds that the facts do not exhibit a repudiation, or "complete frustration," of the agreement. Instead, the problems faced by the parties are mere consequences of settlement which could have been contemplated at the settlement date. In hindsight, the existence of such problems is unfortunate; yet, the problems do not justify vacating the original order. Further, the record does not establish the existence of any other extraordinary circumstances which would justify a reinstatement of the case. Therefore, the court denies the motion.[2]

---

**2.** If extraordinary circumstances did exist, however, the court would have the power to enforce the settlement agreement, although the court did not expressly retain jurisdiction and did not make the terms of the settlement agreement a part of its order dismissing the case. *See Kokkonen v. Guardian Life Ins. Co. of America*, — U.S. —, —, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994). The court has an independent basis for federal jurisdiction over the settlement contract matter as required by the applicable statute and by the Supreme Court. The parties are diverse and the amount in controversy exceeds $50,000. 28 U.S.C. § 1332. *See also Kokkonen*, — U.S. at —, 114 S.Ct. at 1677.

Nevertheless, the court will address Defendants' argument with regard to timeliness. Defendants argue that Plaintiff filed the instant motion in an untimely manner. The court agrees.

While Congress has not placed a specific time limit for motions brought pursuant to Rule 60(b)(6), the Rule requires that such motions be brought "within a reasonable time." Fed.R.Civ.P. 60(b)(6). "There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion." *Sudeikis v. Chicago Transit Authority,* 774 F.2d 766, 769 (7th Cir.1985) However, due "to the value the framers of Rule 60(b) set on the societal interest in the finality of litigation, the motion must be brought within a reasonable time." *Margoles v. Johns,* 798 F.2d 1069, 1073 n. 6 (7th Cir.1986). "[I]n determining whether the time elapsed was reasonable," the court "must consider the facts of each case, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to other parties if the judgment is revisited." *Id.*

In the instant case, Plaintiffs filed this motion almost twenty-one months after this court dismissed the underlying case. Plaintiffs' proffered reasons for their delay—that it resulted from ongoing discussion between the parties' attorneys, continual redrafting of the final settlement agreement, extensive legal research into the theory of "inherent power" jurisdiction, and the lengthy process of drafting and editing proposals for this motion and the supporting memorandum—do not support such a lengthy delay. To the contrary, Plaintiffs knew of the impasse at the very time Defendants tendered the checks and when Plaintiffs rejected the checks. Further, Plaintiffs instantly became aware of the invalidity of the checks due to the expiration dates. The court certainly is aware of, and in fact supports, the continued policy of encouraging lawyers' attempts to discuss problems to "work things out" prior to requesting a federal court to "enter the game." However, Plaintiffs should have realized at some point before twenty-one months had passed that Defendants were unwilling to change their position. Therefore, an appropriate motion should have ensued at an earlier date. In fact, the exhibits proffered by Defendant show that the "attorneys' liens problem" surfaced soon after the settlement date, March 25, 1994. An April 14, 1994 letter from one of Defendants' counsel demands an attorneys' lien release and threatens that the check payees would include former counsel.

The court specifically addresses Plaintiffs' reason for a delay between May and September 1995, a four month delay. Plaintiffs complain that the memorandum-drafting process delay resulted from a change in the law. According to Plaintiffs, all briefs written prior to May 1995 addressed the theory of "inherent power." However, according to Plaintiffs, their attorneys were later forced to change the content of the memorandums since the Supreme Court "changed its focus" away from the "inherent power" theory, of which they became aware through an 1989 law review article. However, the case which enlightened Plaintiffs of this "change in focus," *Kokkonen v. Guardian Life Ins. Co. of America,* — U.S. —, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), was decided on May 16, 1994, fully a year prior to the dates of delay. Moreover, the law review article to which Plaintiffs referred, a *Cardozo Law Review* article, was published in 1989.

With regard to resulting prejudice, the court finds that Defendants have been party to this action long enough. Justice would not be met were this court to reopen the case, set the case for trial, and require Defendants to expend more energy, time, and finances defending a claim which they have previously agreed to settle and pay $350,000.

The court is indeed aware of the cases to which Plaintiffs cite showing that periods of up to seventeen years may, in some instances, be a reasonable time for delay. *See United States v. Karahalias,* 205 F.2d 331 (2nd Cir.1953) (Hand, J.). Yet, in ruling on Rule 60(b)(6) motions, the court must look to the facts of each individual case. *Margoles,*

798 F.2d at 1073. The facts presented by both Plaintiffs and Defendants do not justify a twenty-one month delay.

■ This is not to say that a proper forum does not, or should not, exist. To the contrary, the enforcement or interpretation of the settlement agreement constitutes a contract dispute which can properly be adjudicated in the state courts. A settlement agreement is a contract which is generally governed by principles of local law applicable to contracts. *Laserage Tech. v. Laserage Lab.,* 972 F.2d 799, 802 (7th Cir.1992). The dispute over the interpretation of the settlement contract is "better suited for the 'surer-footed reading of applicable law' available in state court." *Pierre v. Inroads, Inc.,* 858 F.Supp. 769, 776 (N.D.Ill.1994) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)).

As already stated, the court may disturb the finality of judgments only on narrow grounds and in exceptional circumstances. *Widman Trucking,* 627 F.2d at 795 (7th Cir. 1980). The instant case presents neither grounds nor circumstances to support such a disturbance of the court's earlier order. Accordingly, the court denies Plaintiffs' motion. While the state courts' doors remain open, this federal case is closed.

IT IS SO ORDERED.