Dr. Milton MARGOLES, Plaintiff-Appellant,

v.

Alida JOHNS and the Journal Company, a Corporation, Defendants-Appellees.

No. 85–1267.

United States Court of Appeals, Seventh Circuit.

Aug. 20, 1986.

Mr. Perry Margoles, Winthrop Harbor, Ill., for plaintiff-appellant.

James P. Brody, Foley & Lardner, Milwaukee, Wis., for defendants-appellees.

Before CUDAHY, ESCHBACH, and POSNER, Circuit Judges.

PER CURIAM.

The plaintiff, Dr. Milton Margoles, brought this slander action in 1972 against The Journal Corporation, and Alida Johns, a reporter for the Journal. The district court dismissed the action in 1976, pursuant to Fed.R.Civ.P. 37(b)(2)(C), because of the plaintiff's failure to comply with discovery orders. The plaintiff unsuccessfully challenged the dismissal on direct appeal and in a subsequent collateral attack pursuant to Fed.R.Civ.P. 60(b)(4). The plaintiff is once again before us, following the district court's denial of his motion to vacate the dismissal and reinstate the action pursuant to Fed.R.Civ.P. 60(b)(6). For the reasons stated below, we will affirm.

I

For many years prior to 1962, the plaintiff was a licensed physician in Wisconsin and a number of other states. In 1960, the plaintiff was convicted of several violations of the Internal Revenue Code and was sentenced to one-year imprisonment and ordered to pay $15,000.00 in fines. Later that same year, he was convicted of attempting to influence an officer of the court and of attempting to obstruct justice, and was sentenced to five-years imprisonment and ordered to pay $5,000.00 in fines. In 1961, the plaintiff was also convicted of communicating with a juror, and was sentenced to six-months imprisonment and fined $1,000.00.

The plaintiff's license to practice medicine and surgery in Wisconsin was revoked on February 26, 1962. Licenses he held to practice medicine in other states were subsequently revoked as well. Upon his release from prison on parole in 1962, the plaintiff commenced a campaign to regain his Wisconsin medical license. However, both in 1965 and 1969, the Wisconsin State Board of Medical Examiners, following formal hearings, denied him relicensure.

On August 18, 1972, the plaintiff filed a complaint in the United States District Court for the Eastern Division of Wisconsin, alleging that Alida Johns, while a newspaper reporter for The Journal Company, slandered him during conversations with staff members of an Illinois congressman in the late summer of 1970.[1] The case was assigned to the Honorable John W. Reynolds. After status conferences had been held in April and December of 1973, the plaintiff filed a motion for Judge Reynolds to recuse himself. The plaintiff claimed that, because Judge Reynolds had been the Wisconsin Attorney General when matters concerning the plaintiff's state medical license were under consideration by the Wisconsin Medical Examining Board, he would be unable to give the plaintiff a fair trial. Prior to a ruling on the plaintiff's recusal motion, the case was transferred to the Honorable Robert W. Warren.

The parties first appeared before Judge Warren at a pre-trial conference on April 25, 1975. Because Judge Warren had served as Attorney General of Wisconsin from 1969 until his appointment to the district bench in 1974, the plaintiff "expressed [his] concern about, and inquired" whether Judge Warren's prior involvement in matters relating to the plaintiff would impair his ability to try the case impartially. Judge Warren replied that any knowledge

---

1. Margoles had earlier filed a two-count complaint against Johns in the federal district court for the District of Columbia on August 19, 1971, but that complaint was dismissed and Johns's motion to quash service of process was granted. *Margoles v. Johns*, 333 F.Supp. 942 (D.D.C.1971), *aff'd*, 483 F.2d 1212 (D.C.Cir.1973).

of, or involvement in, the plaintiff's affairs he may have had was not of such a nature that he needed to disqualify himself.

On October 23, 1975, the defendants moved for dismissal under Fed.R.Civ.P. 37(b)(2)(C) on the ground that the plaintiff failed to comply with discovery orders entered by Judge Warren in January and April 1975. Judge Warren, on January 5, 1976, after hearing arguments on the matter, granted the motion and dismissed the case. Judge Warren stated:

> [T]he Court is persuaded that [this] is one of the unusual cases in which the Court should and does make a specific finding that the failure to produce herein is willfull, that it is prejudicial, that the matter sought to be produced is highly relevant and material to the case ..., and that the failure to produce that and comply with the procedural orders of the Court has been so prejudicial that the sanction called for ... is appropriate, and that the Court does herewith order that the case shall be dismissed.

Judgment of dismissal was entered on January 8, 1976.

On February 4, 1976, the plaintiff moved to vacate the order of dismissal pursuant to Fed.R.Civ.P. 60(b). That same day, the plaintiff filed notice of appeal from the dismissal with this court. On March 15, 1976, Judge Warren denied the plaintiff's Rule 60(b) motion. We considered the plaintiff's direct appeal and the ruling on the Rule 60(b) motion together, and after a careful review of the record, we concluded that Judge Warren's finding that the plaintiff willfully refused to comply with discovery orders was supported by the evidence before him, and affirmed the dismissal. *Margoles v. Johns*, 587 F.2d 885, 888 (7th Cir.1978) (*"Margoles I "*). Neither before us on direct appeal, nor before the

district court on his initial Rule 60(b) motion, did Margoles put into issue Judge Warren's disclaimer of bias or his decision not to disqualify himself.

In July of 1980, the plaintiff filed a motion under Fed.R.Civ.P. 60(b)(4), in which he claimed that Judge Warren's failure to recuse himself violated 28 U.S.C. § 455,[2] and thus rendered the 1976 order of dismissal void for want of due process. Judge Warren transferred the motion to the Honorable Terence T. Evans, who denied it on February 25, 1981. Judge Evans held that the issue to be resolved was not whether Judge Warren erred in refusing to recuse himself, but rather whether Judge Warren *"in fact* was so biased or prejudiced against [the plaintiff] that the proceeding was unfair." Judge Evans found that "[w]hile it is true that Judge Warren had some knowledge of the [plaintiff], nothing included in the plaintiff's exhibits leads me to conclude that the judge had a duty to disqualify himself from presiding over this slander case," and concluded that "the documentation submitted by ... [the plaintiff is] far short of the kind of evidence necessary for him even to get a hearing, let alone carry the day." We affirmed on appeal and adopted Judge Evans's Decision and Order. *Margoles v. Johns*, 660 F.2d 291 (7th Cir.1981) (*"Margoles II "*).

On January 5, 1984, the plaintiff filed a third motion under Fed.R.Civ.P. 60(b)(6) to overturn the judgment in which he claimed to have discovered documents that demonstrated Judge Warren and counsel for the defendants failed to disclose "material extraordinary extrajudicial relationships" existing between them during the time Judge Warren was Attorney General of Wisconsin. The plaintiff argued that Judge Warren should have disqualified himself because of this putative relationship, and that

---

**2.** In *Margoles v. Johns*, 660 F.2d 291, 300 (7th Cir.1981), we held that, because Margoles had filed this action before the 1974 amendments to 28 U.S.C. § 455 became effective, his claim that § 455 had been violated by Judge Warren's refusal to step aside was to be determined under the pre–1974 version of the statute, which provided:

Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

his failure to do so denied the plaintiff due process of law.[3] Judge Evans denied the plaintiff's motion on January 17, 1985.[4] This appeal followed.

## II

In considering the plaintiff's motion for relief from judgment under Rule 60(b)(6), we do not directly review the district court's dismissal of the plaintiff's action for failure to comply with discovery orders pursuant to Fed.R.Civ.P. 37(b)(2)(C). *Marane, Inc. v. McDonald's Corp.,* 755 F.2d 106, 112 (7th Cir.1985) ("[W]e cannot reach the merits of the underlying judgment."); *see also Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 606–07 (7th Cir.1986). As we noted above, we affirmed the propriety of the dismissal order in *Margoles I.* In the instant case, we must determine only whether the district court abused its discretion in denying the plaintiff's motion under Rule 60(b)(6). *Browder v. Director, Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Metlyn Realty Corp. v. Esmark, Inc.,* 763 F.2d 826, 831 (7th Cir.1985); *Simons v. Gorsuch,* 715 F.2d 1248, 1253 (7th Cir.1983); *Fuhrman v. Livaditis,* 611 F.2d 203, 204 (7th Cir.1979). There is, of course, a strong policy favoring the finality of judgments: "[j]udgments in civil cases fix the rights of parties and entitle them to go about their lives [and] may be reopened only for extraordinary reasons." *Metlyn Realty Corp.,* 763 F.2d at 830; *see also Andrews v. Heinhold Commodities, Inc.,* 771 F.2d 184, 188 (7th Cir.1985); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1205 (7th Cir. 1984); *McKnight v. United States Steel Corp.,* 726 F.2d 333, 335 (7th Cir.1984); *Merit Insurance Co. v. Leatherby Insurance Co.,* 714 F.2d 673, 682–83 (7th Cir. 1983). Indeed, we have held that, to find an abuse of discretion under Rule 60(b), the appellate court must be convinced that "no reasonable man could agree with the district court's decision." *Tolliver v. Northrop Corp.,* 786 F.2d 316, 318 (7th Cir. 1986); *Simons,* 715 F.2d at 1253; *Smith v. Widman Trucking & Excavating,* 627 F.2d 792, 795–96 (7th Cir.1983).

■ Rule 60(b) allows a district court to relieve a party from a final judgment for the reasons specified in subsections (1) through (5).[5] In addition, subsection (6)

---

**3.** In his motion, the plaintiff requested that Judge Evans recuse himself and assign decision on the Rule 60(b)(6) motion to a federal district judge in another district. Judge Evans denied the plaintiff's request. On January 7, 1985, the plaintiff filed a petition for a Writ of Mandamus with this court, requesting that Judge Evans be ordered to reassign the order. We denied that motion as moot because Judge Evans denied the plaintiff's Rule 60(b)(6) motion. On appeal, the plaintiff challenges Judge Evans's refusal to reassign the Rule 60(b)(6) motion. We find this challenge to be completely without merit, and, therefore, reject it without further discussion.

**4.** In *Margoles II,* 660 F.2d at 293, we observed that:

Although the plaintiff questioned Judge Warren's impartiality at his first appearance before him, that issue was not raised in any ... post-judgment or appeal proceedings. Although that failure creates substantial questions of waiver and res judicata, ... the district court did not deem it necessary to reach those issues. We agree with the trial judge in that respect.

The district court denied the plaintiff's Rule 60(b)(6) motion on the ground that, "[h]aving raised the disqualification question anew in 1980, [the plaintiff] is surely barred now, on *res judicata* grounds, from raising it again." The court also noted that, "[n]othing presented in support of the motion, no matter how it is characterized, shows actual unfairness or partiality on the part of Judge Warren." Because we have determined that the plaintiff's motion was without merit, we express no opinion on the *res judicata* question.

**5.** Fed.R.Civ.P. 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment

provides that the court may grant a motion under Rule 60(b) for "any other reason justifying relief."[6] Nevertheless, relief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust. *Ackerman v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Kagan,* at 609–10. *Industrial Associates, Inc. v. Goff Corp.,* 787 F.2d 268, 269 (7th Cir.1986); *Merit Insurance Co.,* 714 F.2d at 682–83.

The plaintiff claims that the documents attached to his Rule 60(b)(6) motion demonstrated (1) that an Assistant Wisconsin Attorney General, during the time Judge Warren served as the Wisconsin Attorney General, communicated with counsel for the defendants in the original slander suit and exchanged information with them concerning that suit, and (2) that the office of the Attorney General had used a reporter for the defendant newspaper to investigate the plaintiff in regard to his efforts to regain his medical licence. The plaintiff argues that the existence of these "relationships" denied him due process, and constituted extraordinary circumstances making relief under Rule 60(b)(6) appropriate. We disagree.

We have thoroughly examined the documents underlying the plaintiff's motion. Some of those documents relate to events that occurred *before* Judge Warren was elected Attorney General of Wisconsin, and hence, before he could be said to have any involvement in either the slander lawsuit or the plaintiff's other lawsuits. Some documents were part of the records in other litigation the plaintiff has pursued. These included depositions, motions, and court orders. Most of the remaining documents chronicle the plaintiff's dispute in 1983 with the office of Wisconsin Attorney General over the production of investigative files and the like, for use in the instant Rule 60(b)(6) proceedings, or for use in the plaintiff's other litigation. We have concluded that these documents neither compromise Judge Warren's decision not to disqualify himself, nor impugn the justness of the proceedings leading to the dismissal order.

■ Those few documents that bear on the alleged relationship between Judge Warren, during the period when he was Attorney General, and counsel for the defendants are either totally inconclusive of the nature of that "relationship," if such it be, or patently innocuous. On the basis of the record before us, we conclude that the

should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

6. Relief under Rule 60(b)(6) is appropriate only if the grounds asserted for relief do not fit under any of the other subsections of Rule 60(b). *Klapprott v. U.S.,* 335 U.S. 601 at 613, 69 S.Ct. 384 at 389–90, 93 L.Ed. 266; *Industrial Associates, Inc. v. Goff Corporation,* 787 F.2d 268 at 269; *Bershad v. McDonough,* 469 F.2d 1333 (7th Cir.1972). Otherwise, a movant could use subsection (6) to circumvent the rather demanding time limitations placed on a motion under subsections (1) through (3).

There is no such time limitations placed on subsection (4) motions for setting aside a judgment as void. As we held in *Asklar v. Honeywell, Inc.,* 95 F.R.D. 419 (7th Cir.1982), "the reasonable time criterion of Rule 60(b) as it relates to void judgments, means no time limit, because a void judgment is no judgment at all." Hence, "the court that entered a void judgment may vacate it at any time." *Rodd v. Region Construction Co.,* 783 F.2d 89, 91 (7th Cir.1986). In addition, although the elapse of a specific period of time between the entry of judgment and the ruling on the motion for relief is not determinative of a motion under subsection (6), *Sudeikis v. Chicago Transit Authority,* 774 F.2d 766, 769 (7th Cir.1985) ("There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion."), because of the high value the framers of Rule 60(b) set on the societal interest in the finality of litigation, the motion must be brought within a reasonable time. One must consider the facts of each case, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to other parties if the judgment is revisited, in determining whether the time elapsed was reasonable. *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir.1986).

"exchange of information," which constitutes the gravamen of the plaintiff's Rule 60(b)(6) motion, involved essentially the exchange of court documents that were part of the record, including depositions of the plaintiff and other parties, in a lawsuit which the plaintiff had brought and in which the office of the Wisconsin Attorney General was defending.[7]

As to the plaintiff's claim that Judge Warren's former office made use of one of the defendant newspaper's employees to investigate him, it is true that the Wisconsin Attorney's General office did call upon a person to investigate Margoles in regard to a matter unrelated to any material issues in the slander suit.[8] That "relationship" developed several years before Judge Warren was elected Attorney General, and did not involve his administration of that office. In addition, this occurred when the investigator was not an employee of the defendants. There is also some indication that this person was called upon to provide information to the Attorney General subsequent to Judge Warren's election to that office and after the person became a reporter for the defendants. Nevertheless, the documents of record shed absolutely no light on whether the information requested or provided was relevant to any material factual issues that might have been disputed in the instant action.[9] Therefore, the existence of this "relationship," if such it be, does not present the "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6).

Even assuming that Judge Warren knew of these activities and the communications between his office and counsel for the defendants in the underlying slander case, the evidence and reasonable inferences drawn from it are woefully inadequate to warrant relief under Rule 60(b)(6). The plaintiff's claim that these documents establish that Judge Warren stood in an "of counsel" relationship to defense counsel is groundless. Likewise, the claim that Judge Warren had a "substantial interest" in the case is totally unfounded.[10] The

---

7. Exhibit B–4 included, among the items sent by the Wisconsin Attorney's General office to counsel for the defendants in the slander suit, an item entitled "Copies of written communications with State of Illinois." The plaintiff does not suggest, nor can we perceive on the basis of the record before us, what significance these "communications" might have on the question of the nature of the putative relationship between defense counsel and Judge Warren's office, during the period of time he was Attorney General. Nor is there any indication that these documents bear on material disputed facts in the slander case. The other documents listed in Exhibit B–4 were either depositions or copies of the complaint, summons, etc., in another lawsuit the plaintiff had brought.

8. The statements forming the basis of the plaintiff's slander suit were allegedly made in August and September of 1970. The alleged events to which the plaintiff points to occurred well before that.

9. The plaintiff makes unsupported allegations that the Wisconsin Attorney's General office improperly withheld documents that might have enabled him to substantiate his claim that this relationship continued into the time Judge Warren was Attorney General and biased Judge Warren against the plaintiff. The plaintiff raised these allegations before the district court.

That court, therefore, had these allegations before it in passing on the plaintiff's Rule 60(b)(6) motion, and obviously found them inconsequential. We cannot say that the court erred in so doing. We note also that the Wisconsin Open Records Act, Wis.Stat. 19.21–19.37, provides a basis for the plaintiff to attempt to gain access to these records. We note that the plaintiff requested these documents pursuant to the Act, but the record does not disclose whether the plaintiff has exhausted the channels of relief provided him by that Act.

10. The terms "of counsel" and "substantial interest" appeared in 28 U.S.C. § 455 prior to its amendment in 1974. We held in *Margoles II*, 660 F.2d at 300, that the unamended § 455 was applicable to the issue whether Judge Warren improperly failed to disqualify himself. By our use of those terms now, we do not mean to suggest that the relevant question before us is the propriety under § 455 of Judge Warren's decision not to recuse himself. The only question we must consider to dispose of the plaintiff's appeal from the denial of his Rule 60(b)(6) motion is whether the evidence he adduced created a substantial danger of an unjust result. Insofar as the plaintiff argues that Judge Warren had a substantial interest in the outcome of the slander suit or that he acted of counsel to the defense attorneys in that suit, we consider whether the plaintiff's proof of such a relationship (and we do not mean to suggest that the

plaintiff clearly has failed to demonstrate extraordinary circumstances that create a substantial danger of an unjust result.[11] *Merit Insurance Co.,* 714 F.2d at 682–83. We hold, therefore, that the district court did not abuse its discretion in denying the plaintiff's Rule 60(b)(6) motion.

### III

The defendants-appellees have requested that we assess fees and costs against the plaintiff pursuant to Fed.R.App.P. 38. Although we do not ordinarily grant such requests, we have determined that this appeal was frivolous, and, therefore, assess the plaintiff-appellant $2,500.00 in fees, costs, and damages. For the reasons stated above, the district court's order dismissing the plaintiff's motion under Fed.R. Civ.P. 60(b)(6) is

AFFIRMED.

plaintiff has made such a showing) created a substantial danger of an unjust result, not whether Judge Warren should in fact have recused himself. As we noted above, we find that the plaintiff's evidence is inadequate to meet the requirements of Rule 60(b)(6).

11. The plaintiff argues that he need not demonstrate that Judge Warren was actually biased or partial in order to prevail on his Rule 60(b)(6) motion. The plaintiff maintains that the proper threshold of proof would be that of an appearance of partiality. We disagree. As we recently noted in *United States v. Balistrieri,* 779 F.2d 1191, 1204–05 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 3284, 91 L.Ed.2d 573 (1986), the improper failure of a judge to recuse himself due to an appearance of partiality constitutes an "injury to the judicial system as a whole and not to the substantive rights of the parties," and hence, cannot rise to the level of reversible error. *See also United States v. Murphy,* 768 F.2d 1518 (7th Cir.1985). The plaintiff's argument that *Balistrieri* applies only to § 455 in its amended form, even if we were to find it persuasive (which we do not), is inconsequential. If the appearance of bias cannot rise to reversible error in the context of an appeal from a judge's failure to disqualify himself, it follows *ipso facto* that it cannot be sufficient to create a substantial danger of an unjust result. Therefore, to prevail on his Rule 60(b)(6) motion, the plaintiff must demonstrate actual bias, not an appearance thereof.