James C. HARRIS, Sr., Plaintiff,

v.

**LIQUOR AND WINES SALESMEN'S UNION, et al., Defendants.**

No. 87 C 9352.

United States District Court,
N.D. Illinois, E.D.

Feb. 8, 1990.

William E. Elston, Jr., Chicago, Ill., for plaintiff.

Thomas J. Slota, Chicago, Ill., for Liquor and Wine Salesmen's Union, Local No. 62.

Eugene Propp, Propp & Schultz, Chicago, Ill., for Federated Old Rose Distributors.

## ORDER

NORGLE, District Judge.

Before the court is the motion of plaintiff, James C. Harris, Sr., to vacate judgment and for other relief, brought pursuant to Fed.R.Civ.P. 60(b)(5), (6).

Plaintiff brought this action against both his union and his employer alleging failure to properly represent him in a grievance against the employer and breach of contract, respectively. The union moved to dismiss, asserting the statute of limitations and failure to exhaust administrative and internal union remedies. On September 29, 1988, this matter was dismissed with prejudice as to both the union and the employer pursuant to a stipulation between the parties. The stipulation has only two substantive terms; that plaintiff's claims shall be submitted to arbitration in accordance with the Collective Bargaining Agreement between the union and the employer, and that plaintiff may be represented by counsel of his choice at the arbitration.

Plaintiff has since learned that the employer intends to raise the issue of timeliness in pursuing the grievance as a defense in the arbitration proceeding. The stipulation, which was negotiated by and agreed to by the parties, does not require the waiver of any defenses or the subsequent stipulation to any issues before the arbitrator. However, plaintiff, on November 1, 1989, moved for an order vacating the dismissal or, in the alternative, barring the employer from raising the issue of timeliness in the arbitration.

The motion is brought under two subsections of Rule 60(b); subsection (5) which allows for relief from judgment where "the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application," and subsection (6) which allows for relief for "any other reason justifying relief from the operation of judgment." Yet, the circumstances of this case clearly do not fall within these provisions. What plaintiff is really arguing is that he was some how mistaken as to the nature of the parties agreement, as reduced to writing in the stipulation, or that the parties reached an agreement on matters outside of those contained in the stipulation and that the employer is now reneging on that "unwritten" agreement.

■ These circumstances are readily characterized as a mistake or misconduct of an adverse party, as specified in Rule 60(b)(1) and (3), respectively. Yet, plaintiff did not invoke these subsections. Motions under subsections (1) and (3) may not be brought more than one year after the judgment was entered, while motions brought under subsections (5) and (6) need only be brought within a reasonable time. That plaintiff brought his motion more than thirteen months after the stipulated judgment was entered may explain plaintiff's characterization of his grounds for relief and his invocation of subsections (5) and (6). The court will not allow plaintiff to either mischaracterize his motion as one brought under subsection (5) or to use the "catch all"

provisions of subsection (6) to avoid the time limits imposed in Rule 60. *See Margoles v. Johns,* 798 F.2d 1069, 1073 n. 6 (7th Cir.1986) ("Relief under Rule 60(b)(6) is appropriate only if the grounds asserted for relief do not fit under any of the other subsections of Rule 60(b) ... [citations omitted] ... Otherwise, a movant could use subsection (6) to circumvent the rather demanding time limitations placed on a motion under subsections (1) through (3)."). Plaintiff's motion is therefore untimely and is denied on that procedural basis.

In the alternative, plaintiff's motion is substantively deficient. The stipulation is totally silent as to any waiver of defenses or arguments before the arbitrator. Rather, it specifically provided for "arbitration in accordance with the Collective Bargaining Agreement." The terms of the stipulation do not provide any basis for the barring of any defense or argument which otherwise might be raised under the Collective Bargaining Agreement, just as they do not make such conduct grounds for granting relief from judgment. If plaintiff wished for the dismissal to be conditioned upon a waiver of the timeliness defense at arbitration, he should have insisted upon such a provision.

Accordingly, plaintiff's motion is denied.

IT IS SO ORDERED.