983 F.2d 1058
 24 Fed.R.Serv.3d 773
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donald L. BOWERS; Janet E. Bowers, Defendants-Appellants.
 No. 92-6845.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1992
Decided: January 4, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge . (CR-89-78-R, CA-91-368, CA-91-369)
 Donald L. Bowers, Janet E. Bowers, Appellants Pro Se.
 John Carroll McDougal, Office of the United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 On April 20, 1992, the district court entered an order denying a 28 U.S.C. § 2255 (1988) motion filed by Janet E. Bowers and Donald L. Bowers. On May 6, 1992, the Bowerses filed a motion to disqualify the district judge and a motion to rehear the § 2255 motion. The motions were grounded in the belief that the district court's statements at sentencing demonstrated bias against the Bowerses. On July 2, 1992, the district court entered an order denying the motions. On August 6, 1992, a notice of appeal referencing both the April 20 and the July 2 orders was filed.
 
 
 2
 The notice of appeal brings before this Court only the July 2 decision. The May 6 motion to rehear the § 2255 petition did not contain a certificate of service and, for that reason, cannot be construed as a Fed. R. Civ. P. 59(e) motion. See Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir. 1988) (timeliness of Rule 59(e) motion determined by the date it is served, not filed). The motion therefore must be treated as made pursuant to Fed. R. Civ. P. 60(b). See Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 101820 (6th Cir. 1983).
 
 
 3
 Because the notice of appeal was not filed within sixty days of the entry of the April 20 judgment, and because no motion for extension of time within which to note the appeal was filed within the ensuing thirty-day period, this Court is without jurisdiction to review the denial of the § 2255 motion on the merits. Fed. R. App. P. 4(a). Our review is instead limited to the July 2 denial of Rule 60(b) relief. We examine such a denial for an abuse of discretion. Green v. Foley, 856 F.2d 660, 665 (4th Cir. 1988), cert. denied, 490 U.S. 1031 (1989).
 
 
 4
 A movant under Rule 60(b) must first "demonstrate the existence of a meritorious claim or defense." Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981). He then must "satisfy one or more of the six grounds itemized in the rule on which a vacation of the judgment may be authorized." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979).
 
 
 5
 The only ground under which the instant motion could have been based is Fed. R. Civ. P. 60(b), which permits a court to relieve a party from a final judgment for "any other reason justifying relief." Relief under Rule 60(b)(6) is appropriate "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986), cert. denied, 482 U.S. 905 (1987).
 
 
 6
 The district judge's comments at sentencing do not suggest that he took into account impermissible factors such as race, religion, or national origin, in imposing the sentence. Rather, the court's comments[1] were entirely in accord with our recent decision in United States v. Bakker, 925 F.2d 728 (4th Cir. 1991). In that case, we stated:
 
 
 7
 To a considerable extent a sentencing judge is the embodiment of public condemnation and social outrage. As the community's spokesperson, a judge can lecture a defendant as a lesson to that defendant and as a deterrent to others.
 
 
 8
 Id. at 740 (citations omitted).
 
 
 9
 We accordingly hold that the district court did not abuse its discretion in denying the Rule 60(b)(6) motion. Similarly, the denial of the motion to disqualify the district judge was not an abuse of discretion. The motion for bond is denied, and the judgment of the district court accordingly is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]
 
 AFFIRMED
 
 
 [1]
 Appellants point particularly to the following statement at sentencing: "They try to camouflage it [their crimes] in high-sounding principle, but the bottom line is greed, more money in their pockets while the rest of us chumps pay our taxes." Nothing in this excerpt, or in the court's other comments at sentencing, suggests impermissible bias
 
 
 [2]
 Because this appeal was considered in the normal course of the appellate process, we deny the motion to expedite