69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
George A. STOOKEY and Janet R. Stookey, d/b/a Teller
Training Institute of Indianapolis, Plaintiffs-Appellees,
v.
David LONAY, Defendant-Appellant.
 No. 94-3599.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Nov. 28, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 As a sanction for "willful, contumacious" disobedience of discovery orders, the district court entered a default judgment against David Lonay and awarded plaintiffs $516,700.53. Lonay appealed, and this Court affirmed, Stookey v. Teller Training Dist., Inc., 9 F.3d 631 (7th Cir.1993), cert. denied, 115 S.Ct. 122 (1994). Before the appeal was issued, Lonay motioned the district court to reconsider, Fed.R.Civ.P. 60(b)(6). The district court denied that motion and a second motion for relief, and Lonay appealed. We affirm.
 
 
 2
 We review a district court's denial of 60(b) relief only for abuse of discretion. Reinsurance Co. of America v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990). Such abuse can be established only where no reasonable person could agree with the district court's decision to deny the 60(b) motion: " 'there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action.' " Id. (quoting McKnight v. United States Steel Corp., 726 F.2d 333, 335 (7th Cir.1984)).
 
 
 3
 Relief under Rule 60(b) is an "extraordinary remedy," Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 682 (7th Cir.1983), "especially where as in this case the motion is based on the catch-all provision of Rule 60(b), Rule 60(b)(6)." Id. (citations omitted). Such relief is granted only in exceptional circumstances. Nelson v. City Colleges of Chicago, 962 F.2d 754, 755 (7th Cir.1992). An appellant must show "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986).
 
 
 4
 To convine the district court that he should be relieved from the judgment, Lonay must show (1) good cause for his default, (2) quick action to correct the default, and (3) a meritorious defense to the Stookeys' complaint. United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir.1989); Zuelzke Tool & Eng. Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir.1991). Lonay, however, has not shown this Court that he can fulfill even the first requirement, a showing of good cause. He attempts to reargue the merits of his case, contending that he should not have been defaulted because he made every effort to comply with the district court's discovery orders. This Court has already ruled against Lonay on that question, Stookey, 9 F.3d at 636-37. Rule 60(b) relief may be appropriate where the defaulting party was not in control of the events leading to the judgment, but "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." Zuelzke Tool, 925 F.2d at 229. The default judgment from which Lonay seeks relief was predicated on just such conduct, so the district court was within its discretion in denying Lonay's 60(b) motion.
 
 
 5
 Lonay also argues that the excessively nonproportional award in this case constitutes extraordinary circumstances that justify Rule 60(b) relief, and he attempts to demonstrate why the award is excessive. Again, we have already ruled on this issue. See Stookey, 9 F.3d at 637. Furthermore, "[w]e recognize that under some circumstances the amount of money at stake might be a legitimate factor for a court to consider on a motion to vacate a default judgment.... Yet, again, this factor is not enough for us to overturn the district court's decision in the absence of a good excuse for the default." C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1208 (7th Cir.1984) (citation omitted).
 
 
 6
 We must decline Lonay's invitation to reexamine the judgment underlying the Rule 60(b) motion. "In considering the plaintiff's motion for relief from judgment under Rule 60(b)(6), we do not directly review the district court's dismissal of the plaintiff's action for failure to comply with discovery orders...." Margoles, 798 F.2d at 1072. "In the instant case, we must determine only whether the district court abused its discretion in denying the plaintiff's motion under Rule 60(b)(6). Id. Lonay has already asked this Court to reverse the default judgment, which we have refused to do. See Stookey, 9 F.3d at 637. We will not entertain a second appeal of the default judgment under the guise of a Rule 60(b) appeal.
 
 
 7
 Because Lonay fails to show good cause or extraordinary circumstances, we cannot conclude that the district court abused its discretion when it denied Lonay's Rule 60(b) motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record