114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zolo Agona AZANIA, Plaintiff-Appellant,
v.
Joseph M. SQUADRITO, Cora Robinson, Henry Dill, Richard
McIntyre, Dan Osborn, Roger Compton, Robert Critz,
David Gillespie, Trent Ferrell, Jerome
Burney, and Tom Vernneau,
Defendants-Appellees.
 No. 96-1146.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 7, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant, Zolo Agona Azania,[1] sought relief against defendants, the Allen County Sheriff and Allen County Jail personnel, under 42 U.S.C. §§ 1983, 1985, and 1986, alleging the denial of access to the courts, unconstitutional conditions of confinement, deprivation of personal property, and a conspiracy to hinder his resentencing hearing. The district court granted summary judgment in favor of the defendants. After the summary judgment was entered, Azania requested that a subpoena duces tecum issue. The defendants moved to quash the subpoena, which the district court granted because there was no pending case in which to conduct discovery. Azania also filed a motion under Federal Rule of Civil Procedure 60(b) based on newly discovered evidence, which the district court denied. Azania appeals the denial of his Rule 60(b) motion, the granting of the motion to quash the subpoena, and the denial of his motion to show cause for the subpoena.
 
 
 2
 Azania was sentenced to death for murdering a police officer and was incarcerated at the Indiana State Prison in Michigan City, Indiana. The Indiana Supreme Court vacated Azania's death sentence and remanded the case for a re-trial of the sentencing phase. Due to the re-trial, Azania was required to attend hearings in Allen County, Indiana, and was incarcerated in the Allen County Jail during three different time periods.
 
 
 3
 In November 1995, the district court granted summary judgment in favor of the defendants on Azania's claims relating to his incarceration in the Allen County Jail. The district court also denied Azania's motion pursuant to Federal Rule of Civil Procedure 59. Azania did not appeal from this final judgment. Instead, he filed a motion under Federal Rule of Civil Procedure 60(b), submitting a transcript of an October 3, 1994 hearing as newly discovered evidence. Azania contends that the hearing testimony by the Allen County Sheriff shows that the Sheriff subverted Azania's legal defense. The testimony involved an investigator hired for Azania's defense, who had been a member of the Allen County Police Department and member of the Sheriff's Merit Board, and the possible conflict of interest that could result.[2] Azania asserted that this newly discovered evidence was not available to him when he filed his Rule 59 motion. Concluding that Azania had ample opportunity to present the hearing testimony and that the transcript did not support Azania's conspiracy claim, the district court denied the Rule 60(b) motion.
 
 
 4
 Our review of the denial of a Rule 60(b) motion is highly deferential. Williams v. United States Drug Enforcement Admin., 51 F.3d 732, 735 (7th Cir.1995). We review for an abuse of discretion that is limited to cases in which no reasonable person could agree with the district court's decision. United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir.1994). We grant relief under Rule 60(b) "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986), cert. denied, 482 U.S. 905 (1987).
 
 
 5
 In its denial of Azania's Rule 60(b) motion, the district court concluded that Azania was given every opportunity to place evidence into the record prior to the granting of defendant's motion for summary judgment. The court explained that the information contained in the transcript should have been offered in some fashion, such as an affidavit, as Azania attended the hearing in October 1994 and was aware of the testimony regarding the criminal investigator approximately one year prior to the motion for summary judgment. Last, the district court concluded that the transcript indicated that there was no conspiracy, as the Allen County Sheriff responded appropriately to one of his former officers acting as a criminal investigator by advising the investigator about a conflict in the rules of conduct.[3]
 
 
 6
 Azania does not allege any extraordinary circumstances which would lead this court to the conclusion that the district court judgment was unjust. Instead, Azania sets forth a dated hearing transcript in support of his conspiracy claim. However, the district court concluded that Azania neither fully substantiated his contention that this "newly discovered evidence" had just been made available to him, nor how the transcript revealed any additional evidence in support of his conspiracy theory. In actuality, the court concluded that the hearing testimony contradicted Azania's conspiracy claim. In addition, Azania did not properly establish any basis for relief under Rule 60(b). This is not a case in which no reasonable person could agree with the district court's decision. Due to the highly deferential standard with which we review the district court's denial of the Rule 60(b) motion, we cannot conclude that the denial of the motion constituted an abuse of discretion.
 
 
 7
 Last, the district court has wide discretion in determining the manner and course of discovery. Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir.1996). Although the scope of discovery is broad, the subject matter sought must be involved in the pending action. See Fed.R.Civ.P. 26(b)(1); Gile, 95 F.3d at 495. Here, the district court did not abuse its discretion when it concluded that Azania was attempting to conduct discovery on issues that were not pending before the court, as summary judgment had already been granted when Azania attempted to issue a subpoena duces tecum.
 
 
 8
 Therefore, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Azania was formerly known as Rufus Averhart
 
 
 [2]
 See Motion for Relief From Judgment or Order, Exhibit 1-A, Hearing Transcript of October 3, 1994, the Honorable Kenneth Schreibenberger, Appellate Record 91
 
 
 [3]
 See Motion for Relief From Judgment or Order, Exhibit 1-A, Hearing Transcript of October 3, 1994, the Honorable Kenneth Schreibenberger, Appellate Record 91, at 31-33