**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-1200**

———————

BARBARA M. MURCHISON,

                    Plaintiff - Appellant,

        v.

MICHAEL J. ASTRUE,

                    Defendant - Appellee.

———————

**No. 11-1462**

———————

BARBARA M. MURCHISON,

                    Plaintiff - Appellant,

        v.

MICHAEL J. ASTRUE,

                    Defendant - Appellee.

———————

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:08-cv-02665-JFM)

———————

Argued: December 8, 2011         Decided: February 15, 2012

———————

Before TRAXLER, Chief Judge, and AGEE and DIAZ, Circuit Judges.

———————

Affirmed in part, reversed in part, vacated in part, and remanded by unpublished per curiam opinion.

––––––––––

**ARGUED:** Phillip R. Kete, Washington, D.C., for Appellant. Alex Gordon, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Murchison commenced an action in district court, seeking enforcement of a prior Equal Employment Opportunity Commission ("EEOC") order requiring that the Social Security Administration ("SSA"), her employer, return her to her prior position or its equivalent ("Enforcement Claim"). Murchison also alleges that the SSA unlawfully failed to promote her on two separate occasions ("Promotion Claims"). She now appeals the district court's grant of summary judgment in favor of the SSA. She also appeals the denial of a Rule 60(b) motion for relief from judgment. For the reasons that follow, we affirm the grant of summary judgment with respect to the Promotion Claims, vacate the grant of summary judgment with respect to the Enforcement Claim, reverse the denial of the Rule 60(b) motion, and remand for further proceedings.

I.

Prior to 2001, Murchison held the position of Social Insurance Specialist (Team Leader), a GS-13 position with the SSA, in the Community Affairs Section of the Office of Regional Communications, Inter-Governmental and Community Affairs ("ORCICA"). ORCICA is one of two offices within the Office of External Affairs ("OEA"). Michelle Brand, the Director of ORCICA, was Murchison's supervisor. Murchison alleged that

3

Brand discriminated against her in a variety of ways.[1] Because this alleged discriminatory treatment was upsetting Murchison to the point of affecting her health, Murchison requested to be reassigned out of OEA. Murchison specifically requested not to be assigned to the Office of Public Inquiries ("OPI"); however, she was reassigned to the OPI mailroom, where much of her time was spent carrying out duties at the GS 7-9 level such as opening and sorting mail.

Shortly after this reassignment, Brand left her position as the Director of ORCICA. Due to the urgency of filling the Director of ORCICA position, the SSA followed its policy of promoting from within a department and filled the position on an interim, non-competitive basis by promoting Robin Neal as Acting Director for 120 days, while at the same time seeking a permanent replacement for Brand. Neal was working within ORCICA prior to this promotion and was merely promoted to a higher

---

[1] For example, the record reflects that Murchison alleged discrimination when Brand failed to recommend her for a Recognition of Contribution award; moved her office to an annex in a separate building; assigned her tasks that had already been assigned to other employees; excluded her from meetings, which, in some cases, precluded her from attending conferences; failed to authorize religious compensatory time worked in order to make up for time spent away from work attending to religious obligations; failed to credit her for non-religious compensatory time worked; assigned her a GS-12 mentor rather than providing her with one-on-one training about new job duties; and required her to provide a doctor's note in order to get sick leave when other employees had no such obligation.

4

position within the same department. Murchison, having recently been reassigned, did not work within ORCICA at the time of the promotion. According to one of Murchison's former supervisors, the policy of promoting someone from within the department facilitates an effective transition. Thereafter, Neal was promoted again to the position of executive officer for the Office of Communications. Murchison applied for this position but did not receive the promotion. The person charged with making that hiring decision explained that he chose Neal rather than Murchison because he was familiar with Neal's good work performance but had no familiarity with Murchison.

A.

Prior to requesting the reassignment out of ORCICA, Murchison filed an internal Equal Employment Opportunity ("EEO") complaint on October 13, 2000, alleging harassment and discrimination based on race, color, sex, age, religion, and disability. After filing this complaint, she requested to be reassigned and was assigned, as mentioned above, to the OPI. Murchison amended her EEO complaint on June 15, 2001. The amended complaint alleged additional acts of discrimination, including a claim that the SSA discriminatorily failed to promote her to the Director of ORCICA position, and addressed her reassignment to the OPI, which she alleged was retaliation for having engaged in prior protected activity by filing the

5

October 13 EEO complaint.  The administrative judge ("AJ") found that the SSA had discriminated against Murchison in a variety of ways, including its decision to reassign her.  As a result, the AJ awarded damages to Murchison in the amount of $6,500 and granted her various equitable relief, which included an order that the SSA return Murchison to her prior position or its equivalent.  However, finding that the SSA had not discriminated against Murchison by failing to promote her on two separate occasions, the AJ found against Murchison on her Promotion Claims.[2]

Murchison appealed the AJ's decision on her Promotion Claims to the EEOC's Office of Federal Operations ("OFO").  During the pendency of the appeal of her Promotion Claims, Murchison also raised her Enforcement Claim for the first time, filing with the OFO two petitions for enforcement of the AJ's decision to return her to her prior position or its equivalent because the SSA had yet to comply with that order.[3]  On July 25,

---

[2] Although the decision to promote Neal to the position of executive officer for the Office of Communications occurred after Murchison filed her amended EEO complaint, the AJ addressed that promotion claim nonetheless.

[3] According to the OFO, some of the ordered corrective action had not taken place "because [Murchison's] complaint was subsumed in a class complaint certified by the Commission." J.A. A39.  The OFO construed Murchison's petitions to seek "exclusion from the pending class complaint so that the relief (Continued)

6

2008, the OFO affirmed the AJ's decision in its entirety and again ordered the SSA to return Murchison to her prior position or its equivalent acceptable to her. The OFO also ordered the SSA to "submit a report of compliance to the Commission's Compliance Officer"; "include [with the report] documentation of the agency's action as evidence that the corrective action has been taken and implemented"; and "send a copy of all submissions to the complainant." J.A. A45.

On September 30, 2008, the SSA emailed the EEOC and asserted that "Ms. Murchison was promoted and is currently in a GS-13 Social Insurance Specialist position." J.A. A54. The email also stated that all required corrective actions had been taken and that an attached document provided proof of the corrective action. Contrary to these assertions, Murchison was never returned to her prior position or its equivalent. Moreover, Murchison never received the SSA's email as required by the OFO's order.

B.

Murchison filed a civil action in the district of Maryland on October 10, 2008. Her complaint set forth her Enforcement Claim in count one and realleged her Promotion Claims in counts

---

ordering the agency to return her to her former position could take effect." J.A. A39.

two and three. After the initiation of this lawsuit, an EEOC compliance officer, relying on the September 30 email and its attachment, assured both Murchison's attorney and the Assistant United States Attorney representing the SSA that the SSA had provided the EEOC sufficient documentation to demonstrate that the SSA had complied with the OFO's order to restore Murchison to her prior position or its equivalent. Knowing this to be untrue, Murchison contacted the EEOC's compliance officer and sought the documentation purporting to establish that the corrective action had been taken; however, it appears that she never received the requested information.

The district court granted the SSA's motion for summary judgment as to all counts. With regard to the Enforcement Claim, the district court concluded that 29 C.F.R. § 1614.503(g) sets forth two prerequisites to filing an enforcement action, neither of which Murchison had satisfied. Accordingly, the district court dismissed the Enforcement Claim without addressing its merits. With regard to the Promotion Claims, the district court rejected them on the merits, concluding that Murchison failed to establish pretext with regard to both promotions. Murchison filed a timely notice of appeal with this court.

C.

During the pendency of this appeal, the EEOC conceded that it had erroneously determined that the SSA had complied with the OFO's order to restore Murchison to her prior position or its equivalent. As a result of this concession, Murchison filed a motion for relief from judgment with the district court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. However, the district court denied the motion, and Murchison also appeals the denial of that motion.[4]

II.

We first consider the district court's resolution of Murchison's Rule 60(b) motion, which we review for abuse of discretion. See L.J. v. Wilbon, 633 F.3d 297, 304 (4th Cir. 2011). "[T]he nature of our review must take into account that Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006) (internal quotation marks omitted). A party moving

---

[4] Murchison's appeal from the district court's grant of summary judgment (Case No. 10-1200) is consolidated with her challenge to the district court's denial of her Rule 60(b) motion for relief (Case No. 11-1462).

for relief under Rule 60(b) "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (footnote omitted). Once a movant makes this threshold showing, she must then satisfy one of six subparts of Rule 60(b). Id. at 207. The SSA concedes that Murchison can make the threshold showing; therefore, we only address the applicability of the six subparts of Rule 60(b).

Rule 60(b)(6) permits a court to relieve a party from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[5] This provision "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615 (1949); see also Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266 (4th Cir. 1993) (describing Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case" (internal quotation

---

[5] Although Murchison relied exclusively on subpart (5) in her Rule 60(b) motion, we consider the applicability of the other subparts of Rule 60(b) in reviewing the district court's decision. See Kamen v. Kemper Fin. Servs., 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

marks omitted)). Although we have described this provision as a catch-all provision, see Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc), "a motion under Rule 60(b)(6) may not be granted absent extraordinary circumstances," Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004) (internal quotation marks omitted). "[E]xtraordinary circumstances [are those] that create a substantial danger that the underlying judgment was unjust." Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986) (per curiam).

The district court's decision to grant summary judgment to the SSA on Murchison's Enforcement Claim was based on the SSA's assertion of compliance and the EEOC's acceptance of that assertion. The EEOC has since declared that its prior determination of compliance was erroneous. This means that the district court's summary judgment order relied on an admittedly incorrect conclusion of the EEOC and on what can only be deemed a deceptive and false assertion of compliance made by the SSA.

The district court order also relied on its conclusion that 29 C.F.R. § 1614.503(g) sets forth two prerequisites, one of which must be met in order to file a civil action for enforcement. The district court believed that neither prerequisite had been established. One of these two purported prerequisites would require that the EEOC "determine[] that an agency is not complying with a prior decision." Id. Had the

11

EEOC properly construed the SSA's report of compliance during its initial review, the EEOC would have determined that the SSA was not complying with the OFO's order, and this purported prerequisite would have been met. Moreover, had the SSA provided Murchison with all of its submissions to the EEOC, as required by the OFO's order, Murchison would have been able to alert the EEOC of the compliance report's incorrectness, which also would have enabled the EEOC to determine that the SSA was not complying with the OFO's order, thus satisfying this purported prerequisite. Therefore, assuming, but without deciding, that § 1614.503(g) sets forth prerequisites to filing a civil enforcement action, Murchison would have satisfied one of those prerequisites had the SSA's misrepresentations not been erroneously accepted by the EEOC.

To this day, despite two rulings in the administrative process that required the SSA to return Murchison to her prior position or its equivalent, the first dating back over six years to September 2005, the SSA has steadfastly not complied. Justice was not accomplished, and was in fact subverted, because the EEOC improperly accepted the SSA's compliance report and because the SSA misled the EEOC. These factors were entirely out of Murchison's control. Given this factual background, it is clear that the underlying judgment was unjust. In light of these extraordinary circumstances, we find that the district

court abused its discretion in denying Murchison's Rule 60(b) motion for relief. Accordingly, we vacate the grant of summary judgment with respect to the Enforcement Claim, we reverse the denial of the Rule 60(b) motion, and we remand for further proceedings.[6]

## III.

Murchison also challenges the resolution of her Promotion Claims, which concern her failure to be promoted into both the Director of ORCICA position and the Office of Communications position. Related to the Promotion Claims is Murchison's challenge concerning access to discovery, which we turn to first.

## A.

Murchison argues that the district court abused its discretion in denying her request for discovery prior to rendering its judgment. Although Murchison argued her need for discovery pertaining to all claims before the district court, she limits her argument on appeal to discovery pertinent to her Promotion Claims. We review the denial of discovery for abuse

---

[6] Because we resolve Murchison's Enforcement Claim under Rule 60(b), we express no opinion as to whether § 1614.503(g) sets forth prerequisites to filing civil enforcement actions.

13

of discretion.  See Nader v. Blair, 549 F.3d 953, 958-59 (4th Cir. 2008).

At the time of this action, Rule 56(f)[7] provided that a court may refuse an application for judgment, permit additional discovery, or "make such other order as is just" upon determining "from the affidavits . . . that the party cannot for reasons stated" present facts to defeat summary judgment.  This rule requires, among other things, that a non-movant "put[] forth [in an affidavit] the reasons why [s]he is unable to present the necessary opposing material." Pine Ridge Coal Co. v. Local 8377, United Mine Workers of Am., 187 F.3d 415, 421 (4th Cir. 1999) (per curiam) (internal quotation marks omitted). Murchison filed an affidavit, but she failed to specify why she had not yet conducted the discovery she sought.  See Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992) (noting requirement that a non-movant specify in the affidavit "what steps have been taken to obtain the[] facts" sought through discovery).

Moreover, of the four purported discovery needs in Murchison's affidavit that are pertinent to her Promotion

---

[7] At the time of the district court's ruling, the content of Rule 56(d) was contained in Rule 56(f).  The intervening 2010 Amendments to the Federal Rules of Civil Procedure reorganized the content of Rule 56; however, "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56 advisory committee's note.

Claims, two seek to establish facts that would not create genuine issues of material fact. One of these two requests seeks to establish the identity of the selecting officials. However, the record already discloses that Phil Gambino was the selecting official for the Director of ORCICA position and that David Byrd was the selecting official for the position of executive officer for the Office of Communications. The second of the two requests seeks to establish that Murchison's qualifications were superior to those of Neal. However, Gambino selected Neal for the Director of ORCICA position because the policy was to hire from within the department, Neal was working within ORCICA at the time and Murchison was not, and Gambino deemed Neal to be a competent employee who could provide for a smooth transition.[8] The district court was within its discretion in denying the motion with respect to these discovery needs on the ORCICA promotion because the facts sought, if established, would not create a genuine issue of material fact as to whether the reasons given were pretext. See Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) ("Rule 56(f)

_____

[8] Whether Murchison had superior qualifications to Neal is no longer relevant to the Office of Communications promotion because, as explained in the subsequent section, Murchison did not perfect an argument with regard to the alleged failure to promote her to be an executive officer in the Office of Communications.

15

motions may be denied . . . if the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." (internal quotation marks omitted)).

The remaining two relevant discovery needs pertain to the agency officials who participated in the promotion decisions. Specifically, Murchison stated that without discovery she "cannot know the identities of all the agency officials"; "cannot take their depositions"; and "cannot obtain . . . contemporaneous written records and communications." J.A. A236. Given the vagueness of these discovery needs, the district court was within its discretion in denying the motion with respect to these requests as well. See Everson v. Leis, 556 F.3d 484, 493 (6th Cir. 2009).[9]

### B.

Having considered the Rule 56(f) motion, we next address the district court's grant of summary judgment on Murchison's Promotion Claims, which we review "de novo, applying the same legal standards as the district court." Nader, 549 F.3d at 958.

---

[9] Although the district court denied Murchison's motion under former Rule 56(f) for different reasons, "we are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record." MM ex rel. DM & EM v. School Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002).

With regard to the Office of Communications position, Murchison did not advance any arguments in her opening brief, and she has, therefore, abandoned that claim. See A Helping Hand, LLC v. Balt. Cnty., Md., 515 F.3d 356, 369 (4th Cir. 2008) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." (internal quotation marks omitted)).

With regard to the Director of ORCICA position, the SSA hired someone from within ORCICA based on a policy that it believed would provide for an effective transition. Murchison argues that she should have been promoted because she knew the most about the inner workings of ORCICA, having only left ORCICA approximately one month prior to Neal's promotion. This argument is insufficient to establish pretext because it does not undermine the SSA's legitimate nondiscriminatory explanation of hiring a person who was working within ORCICA and whom it believed could effectuate the smoothest transition. Murchison was not considered because she had wanted out of OEA and, hence, out of ORCICA.

Murchison is correct that an employer cannot defeat a failure-to-promote claim by initially and discriminatorily removing an employee from the selection pool, see Shannon v. Ford Motor Co., 72 F.3d 678, 682-83 (8th Cir. 1996); however, the reassignment was at Murchison's request. It was only after

17

the SSA had accommodated Murchison's request that the vacancy occurred and the agency decided to promote from within ORCICA.[10] Murchison has presented no evidence that the SSA does not have a policy of promoting from within ORCICA; that Murchison was transferred for the purpose of removing her from the selection pool; or that the policy of promoting from within ORCICA was ever ignored in other circumstances involving recently transferred employees. Therefore, Murchison's attempt to connect her transfer with the SSA's subsequent promotion decision does not rise above mere speculation, and she accordingly fails to establish pretext.

IV.

For the reasons stated herein, we affirm the district court's grant of summary judgment as to the Promotion Claims including the denial of the discovery claims. However, we vacate the grant of summary judgment with respect to the

---

[10] Although Murchison was transferred to the OPI, where she requested not to be reassigned, she does not present evidence connecting that transfer with the SSA's subsequent hiring decision. Therefore, the SSA's decision to transfer Murchison to the OPI, rather than a different department, is not determinative in our pretext analysis. See DeJarnette v. Corning Inc., 133 F.3d 293, 299 (4th Cir. 1998) ("[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions . . . ." (internal quotation marks omitted)).

18

Enforcement Claim, reverse the denial of the Rule 60(b) motion for relief, and remand with instructions for the district court to enforce the OFO's order to return Murchison to her prior position or its equivalent acceptable to her.

AFFIRMED IN PART,
REVERSED IN PART,
VACATED IN PART,
AND REMANDED
