**Thomas RODD, et al.,**
**Plaintiffs-Appellants,**

**v.**

**REGION CONSTRUCTION CO., a corporation, Defendant,**

**First Bank of Whiting, Indiana, Citation Respondent-Appellee.**

**No. 85–1914.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1985.

Decided Feb. 6, 1986.

Alan H. Auerbach, Baum & Sigman, Ltd., Chicago, Ill., for plaintiffs-appellants.

Robert J. Walinski, Robert J. Walinski, Ltd., Chicago, Ill., for citation respondent-appellee.

Before BAUER and POSNER, Circuit Judges, and GRANT, Senior District Judge.*

BAUER, Circuit Judge.

Plaintiffs appeal from an order vacating a judgment against First Bank of Whiting under Rule 60(b)(4) of the Federal Rules of Civil Procedure. The judgment was vacated on the ground that the court in the original action lacked personal jurisdiction

over the citation-respondent, First Bank of Whiting. The district court found that the First Bank of Whiting acted in good faith when it refused to submit itself to citation proceedings in Illinois and that it was not subject to service of process by a court in Illinois. We affirm the judgment of the district court.

I.

Plaintiffs, Trustees of certain collectively-bargained fringe benefit funds pursuant to the provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, ("ERISA"), brought suit to recover delinquent fringe benefit contributions due plaintiffs from defendant, Region Construction Company. The district court entered judgment in favor of plaintiffs, whereupon plaintiffs sought to enforce their judgment and recover the money due. Plaintiffs caused a Citation in Supplemental Proceedings to be issued and served upon the First Bank of Whiting, citation-respondent, who was not a party to the action against Region Construction Company. The bank failed to comply with the court's order compelling post-judgment discovery and refused to appear. The district court entered a finding of contempt against the bank and entered judgment for the full balance of the principal judgment remaining outstanding in an order dated February 21, 1985.

After the entry of judgment, the First Bank of Whiting filed a motion to vacate pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, which the district court correctly granted. This appeal followed.

II.

The First Bank of Whiting is not a defendant within the meaning of ERISA and is not subject to service of process in the same manner as an ERISA defendant. Consequently, the district court's order of

---

* The Honorable Robert A. Grant, Senior District Judge of the Northern District of Indiana, is sitting by designation.

February 21, 1985, is void for want of jurisdiction.

Both parties agree that nationwide service of process is authorized for original ERISA defendants pursuant to 29 U.S.C. § 1132(e). Plaintiffs contend that the district court had jurisdiction over First Bank of Whiting in the post judgment supplemental proceeding because the provisions of ERISA that govern service of process and personal jurisdiction are applicable to post judgment proceedings. We disagree. Section 1132(e) provides:

> [an action] may be brought in the district where the plan is administered, where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

Section 1132(e) does not authorize service of process on parties to supplementary proceedings, and we are not persuaded that Congress intended to extend jurisdiction to parties who are not named defendants in the original action. The statute does not refer to a citation-respondent, garnishee, or any other party to a supplementary proceeding. Accordingly, the language of Section 1132(e) does not on its face authorize service on the First Bank of Whiting.

Plaintiffs fail to cite any statutory or case authority for the proposition that a citation-respondent is a defendant within the meaning of this particular act of Congress. They argue primarily by analogy from cases that do not deal with service of process in post-judgment proceedings. For example, plaintiffs rely on *Fitzsimmons v. Barton*, 589 F.2d 330, 332 (1979), which deals with Section 27 of the Securities Exchange Act of 1934. In *Fitzsimmons* we held that a district court in Illinois could properly exercise *in personam* jurisdiction over an Oklahoma defendant. However, *Fitzsimmons* deals with a named defendant in the original proceedings. First Bank of Whiting is a citation-respondent. *Fitzsimmons* relies on the Securities Exchange Act of 1934 to confer jurisdiction while plaintiffs claim jurisdiction pursuant to ERISA, an entirely different statute. Plain-

tiff's reliance on *Mariash v. Morrill*, 496 F.2d 1138 (2d Cir.1974) is equally misplaced because it again deals with a defendant named in the original action.

Plaintiffs contend that there is no rational basis for distinguishing between service of process on the original defendants and service on parties to supplementary proceedings. We disagree. The intention of Congress was to extend service of process nationwide in ERISA matters because public policy justifies requiring persons who violate its provisions to defend themselves in courts across the country. This reasoning was not intended to apply to a party, such as respondent, who has no involvement whatsoever with the pension or profit sharing plan.

### III.

Next, plaintiffs argue that even if the court lacks personal jurisdiction, the respondent waived its objection to personal jurisdiction as a matter of law because it failed to appear to contest jurisdiction in the original action or to promptly move to vacate. We disagree. If the court lacks personal jurisdiction over the citation-respondent, the underlying judgment is void regardless of the amount of time that passes between entry of the judgment and the motion to vacate. We held in *Alskar v. Honeywell, Inc.*, 95 F.R.D. 419 (1982), "that the reasonable time criterion of Rule 60(b) as it relates to void judgments, means no time limit, because a void judgment is no judgment at all." We also held that "the court that entered a void judgment may vacate it at any time."

### IV.

Plaintiffs argue that even in the absence of ERISA, the district court obtained personal jurisdiction over the respondent because "in essence, a Citation in Supplemental Proceedings under the Illinois Rules is essentially an impleader." Plaintiffs conclude that the court can exercise personal jurisdiction over a citation-respondent because Rule 4(f) of the Federal Rules of Civil Procedure permits service

within one hundred miles of the place where the action is commenced upon persons who are brought in as parties pursuant to federal impleader provisions under Federal Rule Civil Procedure 14.

This argument fails for three reasons. First, Rule 14 pertains to persons brought in as parties to an original proceeding. It does not refer to post judgment proceedings under Rule 69 of the Federal Rules of Civil Procedure. Second, Rule 14(b), which authorizes the use of an impleader by a plaintiff, is restricted to situations where a counterclaim is asserted against a plaintiff. No counterclaim has been filed against the plaintiff in this action. Finally, Rule 14(b) only permits the plaintiff to "cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so." Rule 14(a) permits a defendant to bring in "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The plaintiff here is not asserting that the First Bank of Whiting may be liable for all or part of a third party's claim against it.

### V.

The district court correctly vacated the February 21, 1985 order because the court lacked personal jurisdiction over citation-respondent, First Bank of Whiting. For the foregoing reasons the judgment of the district court is

AFFIRMED.