**Constance NELSON, and Willola M. Garner, Plaintiffs–Appellants,**

v.

**CITY COLLEGES OF CHICAGO, an Illinois Community College District, Defendant–Appellee.**

Nos. 91–1920, 91–1921.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 1992.

Decided May 13, 1992.

---

Robert A. Mankivsky (argued), West Chicago, Ill., for plaintiffs-appellants.

Robert Eygenhuysen, City Colleges of Chicago, John A. Goudge, Richard E. Girard (argued), Rodriguez & Villalobos, Chicago, Ill., for defendant-appellee.

Before COFFEY and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

KANNE, Circuit Judge.

Constance Nelson and Willola Garner brought these actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging that their former employer, the City Colleges of Chicago, terminated their employment on the basis of race. After counsel for Nelson and Garner failed to respond to the City Colleges' summary judgment motion which had been pending for ten months, the district court granted the motion. In this appeal, we

must decide whether the district court acted within its discretion when it denied Nelson and Garner's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the grant of summary judgment on the ground that their former counsel had been grossly negligent.

On April 12, 1989, the City Colleges moved for summary judgment. Former counsel for Nelson and Garner requested additional time to answer the motion on four occasions, but failed to respond to the motion. On November 27, 1989, the City Colleges filed a motion to set a hearing date on its motion for summary judgment, which was entered by the court and continued generally. The appellants' former counsel did not appear on that date. On December 7, 1989, the court held a status hearing on the City Colleges' motion for summary judgment, but the appellants former counsel did not appear. At that hearing, the court stated that it would rule on pending motions by mail. On December 13, 1989, former counsel for the appellants withdrew their motion for leave to file their response to the City Colleges' motion for summary judgment and again did not appear.

On February 22, 1990, the district court granted summary judgment in favor of the City Colleges, but the clerk did not enter the order until February 26. On March 9, 1990, former counsel for Nelson and Garner filed a motion to vacate the summary judgment order in accordance with Rule 59(e) of the Federal Rules of Civil Procedure. That motion was denied on May 15, 1990.

According to their Rule 60(b) motion, Nelson and Garner were unaware of the district court's decision to grant summary judgment in favor of the City Colleges for some time. When they learned that summary judgment had been entered against them, they retained their current counsel who filed a motion under Rule 60(b)(1) and (6) for relief from the judgment on February 26, 1991. In the motion for relief from the judgment, Nelson and Garner argued that they had demonstrated excusable neglect because they had not been informed

by their former counsel that he had not responded to the summary judgment motions. They insisted that until a short time before they retained their current counsel they were aware only that the City Colleges' summary judgment motion was pending.

The district court denied the Rule 60(b) motion, and ruled that Nelson and Garner could not demonstrate excusable neglect because they had failed to follow the progress of the litigation.

On appeal, Nelson and Garner argue that the district court abused its discretion in denying their motion for relief from the judgment. Their principal argument is that their former counsel failed to respond to the City Colleges' summary judgment motion or to notify them that it was pending. In so arguing, Nelson and Garner face an extremely difficult task because we have never held that an attorney's gross negligence justifies relief under Rule 60(b). *Reinsurance Co. v. Administratia Asigurarilor*, 902 F.2d 1275, 1278 (7th Cir.1990).

We begin with the firmly established principle that "[R]ule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984). Our review on appeal is most limited. *Reinsurance Co.*, 902 F.2d at 1277. In fact, we have noted many times that "[t]he district courts are given wide latitude in declining motions under Rule 60(b)," *Zuelzke Tool & Eng. Co. v. Anderson Die Castings*, 925 F.2d 226, 228–29 (7th Cir.1991), and that we review deferentially a district court's decision to deny relief from judgment under Rule 60(b) for an abuse of discretion. *Id.* at 229; *Reinsurance Co.*, 902 F.2d at 1277. An abuse of discretion can be found only where "no reasonable person could agree with the district court." *McKnight v. United States Steel Corp.*, 726 F.2d 333, 335 (7th Cir.1984); *see also Daniels v. Brennan*, 887 F.2d 783, 790 (7th Cir.1989).

We apply a three-part test for relief from a judgment under Rule 55(c), which allows the district court to set aside a default

judgment, or Rule 60(b) of the Federal Rules of Civil Procedure. *United States v. DiMucci,* 879 F.2d 1488, 1495 (7th Cir. 1989). In *DiMucci,* we held that in order for a party to obtain relief from a default judgment he was required to demonstrate: "(1) good cause for [his] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Id.* Moreover, we noted that the test for relief is to be "more liberally applied in the Rule 55(c) context" than in the Rule 60(b) context.

Central to the good cause prong is the requirement that a client must exercise reasonable diligence in checking with his counsel and monitoring developments in the litigation. In *Zuelzke Tool,* we said that "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." 925 F.2d at 229. *See also Reinsurance Co.,* 902 F.2d at 1278 (holding that the party seeking Rule 60(b) relief "simply did not demonstrate the diligence necessary to establish 'extraordinary circumstances' sufficient to invoke Rule 60(b)"); *Inryco, Inc. v. Metropolitan Engineering Co., Inc.,* 708 F.2d 1225, 1234 (7th Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983) (stating that "the defendants here were not diligent in pursuing this case and therefore would not prevail even if gross negligence qualified as another Rule 60(b) ground for relief").

As did the defendants in *DiMucci* and *Zuelzke Tool,* Nelson and Garner argue that their former counsel's abandonment of their case requires us to find that there were exceptional circumstances. It is clear that their former counsel was notified, on November 25, 1989, that these cases had been transferred from Judge Moran to Judge Lindberg. Nelson and Garner claim that they learned of the adverse judgment in approximately February 1991. There is no indication that they communicated with their former counsel during the fifteen month period prior to February 1991. Indeed, they offer no explanation for their apparent failure to ask their former counsel about developments in the litigation.

Based on our review of the record, we conclude that Nelson and Garner simply failed to monitor the progress of this litigation and abdicated their responsibilities. *Zuelzke Tool,* 925 F.2d at 229; *Reinsurance Co.,* 902 F.2d at 1278. We hold that they cannot establish good cause because of their inactivity. The district court did not abuse its discretion in denying the appellants' Rule 60(b) motion.

We do not definitively address whether a diligent client would be entitled to relief under Rule 60(b) for the gross negligence of his counsel. *Id.; Inryco,* 708 F.2d at 1234. Nevertheless, we continue to cast serious doubt on the theory that an attorney's gross negligence warrants relief under Rule 60(b). As we noted in *DiMucci,* "[i]t seems clear to us that the law in this circuit is that an attorney's conduct must be imputed to his client in *any* context." 879 F.2d at 1496 (emphasis in original). In *Tolliver v. Northrop Corp.,* 786 F.2d 316 (7th Cir.1986), we noted that "[i]f the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good—the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either...." *Id.* at 319.

Needless to say, we do not condone the conduct of the appellants' former counsel. However, we reiterate our prior statement that "the remedy for an attorney's professional negligence is a suit for malpractice." *Inryco,* 708 F.2d at 1235; *see also Daniels,* 887 F.2d at 788.

Because Nelson and Garner cannot establish good cause under Rule 60(b), we need not address the other bases of the district court's ruling. We AFFIRM the judgment in favor of the City Colleges.