977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald BOONE, Plaintiff-Appellant,
v.
Warden Larry MIZELL, Assistant Warden Steven Heisner,
Candace Craig, Terry Caliper, and Dr. Afan,
Defendants-Appellees.
 No. 91-1422.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.[1]
Decided Sept. 29, 1992.
 
 Before EASTERBROOK, and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Boone, an inmate, sued various prison officials pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments. All but one defendant moved for summary judgment. The defendant who did not join the motion failed to plead or otherwise defend the lawsuit and a default judgment was entered against him. A magistrate judge recommended that summary judgment be granted in favor of the moving parties. The defaulted defendant moved to vacate the default and join the motion for summary judgment. The district court granted the motion to vacate and join, and adopted the recommendation of the magistrate judge to grant summary judgment for all the defendants. Boone appeals both the reinstatement of the defaulted defendant and the grant of summary judgment.
 
 I.
 
 2
 Boone was formerly held at the Vienna Correctional Center ("Vienna") in Southern Illinois. While at Vienna, Boone complained of pain in his joints, and particularly his hip. He was examined by Dr. Afan, one of the defendants, on April 6, 1989. The doctor prescribed ibuprofen. Dr. Afan saw Boone again approximately two weeks later, at which time Boone's prescription was renewed and he was given a cane to help him walk. Boone was administered a physical examination four days later, which revealed no physical disability that warranted special placement within the prison. Two weeks later, Boone was again examined, at which time Dr. Afan referred him to an orthopedic surgeon and authorized a medical "lay-in" on the occasions when Boone suffered significant pain. Three days following that visit, Boone visited Dr. Afan again, requesting that he be moved to private accommodations on the first floor so he would no longer be required to take the stairs to his cell. Boone also made the unsuccessful request to the other defendants. The doctor offered to transfer Boone to the medical unit at a different prison, but Boone declined. During the approximately five-week period in which Boone sought medical treatment, he was seen walking swiftly without his cane and lifting weights in the recreation area. Three days after his medical visit, Boone allegedly fell down eleven stairs. He was treated and released from a local hospital. A later blood test indicated positive for rheumatoid arthritis. After several months and a transfer to the Centralia Correctional Center, Boone was examined by a neurosurgeon at the University of Illinois Hospital. He was transferred once again, and after that move he was examined by an orthopedic surgeon.
 
 II.
 
 3
 This court reviews a summary judgment decision de novo, considering all facts in the light most favorable to the nonmoving party. If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, the grant of summary judgment will be affirmed. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986). The parties acknowledge that Boone requested and was denied a transfer to a unit where he would not have to climb stairs. Because all parties agree that the medical visits occurred as stated and that Boone complained of arthritis (or its symptoms) to the prison officials, no genuine issue of material fact exists regarding his claims. The question becomes whether those facts applied to the law warrant summary judgment.
 
 
 4
 The Eighth Amendment, via the Fourteenth Amendment, prohibits state actors from inflicting cruel and unusual punishment upon prisoners. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). To prevail on an Eighth Amendment claim, the prisoner must show that the defendant acted with deliberate indifference to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976); Wilson, 111 S.Ct. at 2326. Although denying treatment of a serious medical condition may rise to the level of an Eighth Amendment violation, negligent treatment or diagnosis is not a constitutional violation. Id., 429 U.S. at 104-06, 106 S.Ct. at 295-92. Only if the doctor intended to harm the prisoner, or displayed conduct so closely approaching deliberateness that it mirrored intent, would an incomplete or inaccurate diagnosis constitute an Eighth Amendment violation. Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991). The appropriate standard is "actual knowledge of impending harm easily preventable." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir.1985). We express no opinion of Boone's treatment. However, the record clearly shows that the quality of Boone's medical care did not fall to the level considered to violate the Eighth Amendment. In light of the diagnosis, treatment, and Boone's actions during the treatment period, the refusal to relocate him did not violate the Eighth Amendment.
 
 
 5
 In his complaint, Boone also argues that the post-fall treatment he received following his release from the hospital was cruel and unusual. He states that the prescribed medicine made him nauseous and itch, and that he should have been prescribed a different medication. Boone's brief to this court is void of anything even resembling that argument, thus it is waived. United States v. Berkowitz, 927 F.2d 1376 (7th Cir.1991). Additionally, Boone claims a Fourteenth Amendment violation, but we find no argument indicating a cause of action independent of the Eighth Amendment claim. Thus, this argument is also waived. Id.
 
 
 6
 Boone also complains that the district court wrongfully vacated the default against Dr. Afan pursuant to Fed.R.Civ.P. 55(c). We will reverse the grant of a motion to vacate only if the district court abused its discretion. When making this decision, the court considers whether the defaulting party 1) possesses good cause for the default; 2) took quick action to correct the default; and 3) possesses a meritorious defense. Nelson v. City Colleges of Chicago, 962 F.2d 754, 756 (7th Cir.1992). The record reveals that a clerical error lead defense counsel to believe that Dr. Afan had not been served. Within three months of service and within a week of the pending notice of dismissal, Dr. Afan's counsel moved to vacate the default and join the doctor in the motion for summary judgment. This inadvertent error and quick action to correct, matched with the doctor's meritorious defense indicate that the decision to vacate was within the district court's discretion.
 
 III.
 
 7
 For the foregoing reasons, the district court decision is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs