48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Alfred STRICKLAND, Plaintiff-Appellant,
v.
UNKNOWN POLICE OFFICERS OF the CITY OF CHICAGO, et al.,
Defendants-Appellees.
 No. 94-2216.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1995.[1]
Decided March 6, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Alfred Strickland, an inmate in Dixon, Illinois, filed a pro se civil rights action under 42 U.S.C. Secs. 1983, 1985, against defendants,[2] alleging that he was beaten and denied medical assistance for a broken finger when he was arrested in Chicago.
 
 
 2
 The district court dismissed with prejudice the action against the Sheriff and the County on April 3, 1992. On the same day, the district court dismissed the complaint as to the City and the six police officers without prejudice, and gave plaintiff until May 4, 1992, to file an amended complaint. On May 20, 1992, the district court dismissed the complaint with prejudice.
 
 
 3
 Twenty months later, on February 9, 1994, plaintiff filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). The district court denied the motion, and plaintiff appeals from that order. Our review of an order denying relief under Rule 60(b) is limited because the district court is given wide latitude in deciding such motions. Nelson v. City Colleges of Chicago, 962 F.2d 754 (7th Cir.1992). An abuse of discretion is found only where no reasonable person could agree with the district court. Id. at 755; see also Lech v. St. Luke's Samaritan Hospital, 921 F.2d 714, 716 (7th Cir.1991).
 
 
 4
 Plaintiff's statement of the issue he raises before this court tracks the Rule 60(b)(1) language: "Whether the district court erred in not allowing plaintiff relief from judgment, where plaintiff's procedural errors were due to mistake, inadvertence, and excusable neglect." Rule 60(b)(1), however, can only provide relief within one year from entry of judgment. The "one year time limit is jurisdictional and may not be extended in any event." Wesco Products Co v. Alloy Automotive Co., 880 F.2d 981, 985 (7th Cir.1989). Plaintiff waited more than 20 months to file a Rule 60(b) motion, and therefore he has not met this jurisdictional requirement. Plaintiff does not explain this delay.
 
 
 5
 Plaintiff argues that because he was transferred several times to various prisons, he never received the April 3, 1992 order until after the May 20, 1992 order dismissing the suit with prejudice had been entered. But a "jailed litigant ought to be treated neither worse, nor better, than any other party when it comes to the conduct of litigation unless some special circumstances of confinement interferes with her ability to manage legal affairs." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir.1994). Permitting every inmate to ignore impending deadlines in lawsuits "would tear Rule 60(b) relief from its roots of 'extraordinary relief'." Phipps, 39 F.3d at 164. Plaintiff would have needed to present the district court with much more information, explaining more precisely, e.g., how the transfers interfered with his mail, how long he had to wait to receive the April 3, 1994 order, and how long he waited after receiving the May 20, 1992 order to seek relief under Rule 60(b). Cf. Burkett v. Cunningham, 826 F.2d 1208, 1217 (3d Cir.1987) (Rule 60(b) relief for plaintiff-inmate was proper under exceptional circumstances where he was exceptionally diligent in notifying court of three address changes, clerk of court wrote to plaintiff four times assuring him that he would be advised of any decision, the final order was sent by the court to the wrong address, and plaintiff promptly sought relief within 30 days of learning of the entry of judgment).
 
 
 6
 Any attempt to turn to other subsections of Rule 60(b) for relief is improper.[3] "These provisions are mutually exclusive, and thus a party who failed to make timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 113 S.Ct. 1489, 1497 (1993).
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff has notified the court that he waives oral arguments
 
 
 [2]
 Defendants are the Sheriff of Cook County, the City of Chicago, and six Chicago police officers
 
 
 [3]
 For example, subsection (6) permits the court to reopen a judgment even after one year has passed for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6)