**William F. GRUN, Plaintiff,**

v.

**PNEUMO ABEX CORPORATION, et al., Defendants.**

No. 90 C 5273.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 20, 1996.

John Carmen Sciaccotta, Kelly, Olson, Rogan and Siepker, Chicago, IL, Brian D. Gregory, Donovan, Leisure, Newton & Irvine, Los Angeles, CA, for Plaintiff.

Gary S. Kaplan, O. Michael Osanloo, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Hope A. Jacobson, Los Angeles, CA, William Robert Sullivan, Jr., Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for Defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Over three years ago, the court dismissed this case. It did so because neither Plaintiff William F. Grun ("Grun") nor his counsel showed up for trial. After three years of silence, Grun now moves this court to reinstate his case and to set it for trial. For the following reasons, his motion is denied.

Grun brings his motion to reinstate pursuant to Federal Rules of Civil Procedure 60(a) and (b). In support of his motion, Grun tells the court that, in 1990, he filed his action in the United States District Court for the Central District of California. The California court transferred the case to this court. During the pendency of this case, both local and California counsel have represented Grun.

Then, interestingly, Grun states, "The case has been pending before this Court from the time of its transfer to the present date." Grun is wrong: the court terminated the case for want of prosecution over three years ago, after the parties failed to appear for trial[1]. The order setting the case for trial appeared on the court's computer docket as of April 7, 1993. The termination order appeared on the court's computer docket as of September 15, 1993.

---

1. Local General Rule 21(B) provides: "Failure To Appear At Court Call—An order of dismissal for want of prosecution or an order of default may be entered if counsel fails to respond to a call of the case set by order of court."

Grun goes on to state that the parties filed the final pretrial order. However, he pleads, neither he nor his counsel ever received notification of a trial date, despite inquiries to the court's clerk.

> [F]inally, on August 23, 1996, Plaintiff moved to advance the case for trial. At the hearing, counsel for Defendant surprised counsel for Plaintiff by stating that an order of dismissal had been entered in this proceeding on September 14, 1993. . . . Plaintiff's counsel, stunned by the bombshell dropped by Defendant's counsel . . . subsequently reviewed the court file, (Mot. to Reinstate at 2.)

because, apparently, counsel had failed to do so for three years.

According to Grun, the court's order setting the 1993 trial date indicated that notice to the parties of the trial date was given by telephone, but that, actually, Grun never received such notification. Arguably, after three years, the court's memory has faded regarding the details surrounding its notification of Grun by the clerk or judicial staff. The court notes that the trial date order has been in the court's file and its computer docket since April 7, 1993. That docket entry is initialed by "SB". Defendant did receive notice of the dismissal. Indeed, the dismissal order itself states that the clerk would mail notices, and the court's docket indicates that the clerk mailed notice to Grun of the dismissal. For purposes of this motion, the court will assume that Grun did not receive notice of the trial date.

Neither party appeared for trial. Grun proclaims that, "[A]pparently no inquiry was made by any Court personnel to determine the reason why the parties failed to appear." (Mot. to Reinstate at 3.) At this juncture, the court notes that it is unaware of, and Grun has not pointed to, any rule or case law which indicates that courts should "track down" parties who do not appear for court.

Grun also declares that, although Defendant Pneumo Abex Corporation's ("Pneumo Abex") counsel received notice of the dismissal, Pneumo Abex's counsel did not contact Grun's attorney. Unlike Grun, Pneumo Abex's counsel did check the court's docket after the dismissal. Interestingly, Grun notes that Pneumo Abex's counsel should have noticed from the docket that Grun did not receive notice of the dismissal (although the docket states that he was given such notice by, again "SB", and the docket has so stated since September 1993), and faults Pneumo Abex's counsel for not phoning Grun to notify him that his own case, against Pneumo Abex's counsel's client, had been dismissed. Essentially, Grun argues that the clerk, the judicial staff, and opposing counsel were derelict in prosecuting his case.

Grun states that he "made efforts to examine the file" and to "otherwise monitor the case." Grun does not state that he or his counsel ever, in three years, examined the court docket. Grun's counsel indicated in open court that "runners" at her firm had gone to the clerk's office to examine the file, and that none of the runners ever mentioned the dismissal. The competence of those runners in analyzing court records is suspect. Grun never, until now, brought his case to the court's attention by a motion, even though he thought it was pending.

### Rule 60(a) [2]

Federal Rule of Civil Procedure 60(a) allows the court to correct clerical mistakes in judgments. In determining whether Rule 60(a) applies, the court must distinguish "between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984 (7th Cir.1989). "If the flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction; if the judgment captures the original meaning but is infected by error, then the parties must seek another source of authority to correct the mistake." *United States v. Griffin*, 782 F.2d 1393, 1396–97 (7th Cir.1986). "Rule 60(a) can only be used to make the judgment or record speak the truth

---

**2.** Grun repeatedly mis-cites cases, and cites unpublished Seventh Circuit cases. The court reminds Grun's counsel of Seventh Circuit Rule 53(b)(2), which bars litigants from citing as authority unpublished orders.

and cannot be used to make it say something other than what originally was pronounced." 11 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2854 (1973).

█ Grun argues that Rule 60(a) applies, as the court's dismissal order was infected by a clerical error, in that Grun never received notice of the trial date or the dismissal. The court disagrees. When the court entered its dismissal order, it intended to dismiss the case because the parties did not appear for trial. The judgment itself captured the court's original meaning; if that judgment was infected by error, such as inadequate notice, Grun must seek another source of authority to correct the mistake.

### Rule 60(b)

█ The other rule by which Grun seeks relief is Federal Rule of Civil Procedure 60(b). Rule 60(b) provides extraordinary relief from judgment, and will be granted only in exceptional circumstances. *Dickerson v. Board of Ed. of Ford Heights, Ill.,* 32 F.3d 1114, 1116 (7th Cir.1994). District courts have considerable discretion when making Rule 60(b) determinations. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). District courts abuse this discretion only where they reach decisions with which no reasonable person could agree. *Id.*

█ Rule 60(b) movants seeking to vacate a default judgment must demonstrate three factors: (1) good cause for the default; (2) quick action to correct the default; and (3) a meritorious defense. *Id.; Nelson v. City Colleges of Chicago,* 962 F.2d 754, 755–56 (7th Cir.1992). The court will assume that Grun has produced good cause and a meritorious defense for his default: namely, he did not receive notice of the trial date. However, he has not demonstrated quick action to correct the default.

█ Rule 60(b)(1) provides that the court may relieve a party from judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Motions brought pursuant to Rule 60(b)(1) must be filed within one year after the court entered judgment. Fed.R.Civ.P. 60(b). Federal Rule of Civil Procedure 60(b)(6) provides that the court may relieve a party from judgment for any reason which justifies such relief. Motions under Rule 60(b)(6) must be made within a "reasonable time." Fed. R.Civ.P. 60(b). The reasonableness of time depends upon the facts of each case, considering the interests of finality, the reasons for delay, and the prejudice to other parties. *Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 610 (7th Cir.1986). The open-ended "reasonable time" limitation to Rule 60(b)(6) motions may not be used to abrogate the one-year limitation of Rule 60(b)(1). *Central States, Southeast & Southwest Areas Pension Fund v. Central Cartage Co.,* 69 F.3d 1312, 1315 (7th Cir.1995).

█ Parties seeking Rule 60(b)(6) motions must demonstrate diligence. *See DeRango v. United States,* 864 F.2d 520 (7th Cir.1988). An attorney's failures, including negligence, do not constitute a basis for Rule 60(b) relief. *Russell v. Delco Remy Div. of Gen. Motors,* 51 F.3d 746, 749 (7th Cir.1995). Indeed, it would be an abuse of discretion for a district court to grant Rule 60(b) relief based on counsel's negligence. *Lomas & Nettleton Co. v. Wiseley,* 884 F.2d 965, 967 (7th Cir.1989). Clients are bound by their attorneys' actions. *Nelson,* 962 F.2d at 756.

█ At best, Grun's argument amounts to mistake, inadvertence, surprise, or neglect. Thus, the motion for reconsideration falls within the purview of Rule 60(b)(1). Accordingly, it should have been filed within one year of judgment. It was not. It took Grun three years to even notice, much less act on, the default, even though the judgment appeared in the court's docket for that amount of time. Because Grun filed the instant motion well over a year after the court dismissed his case, Grun may not use 60(b)(1) as a mode of relief.

Grun attempts to pass the buck for his, or his counsel's negligence in not checking the court docket or moving for a trial date. He complains that neither Pneumo Abex's counsel nor the court notified him of the dismissal. Grun points to no rule or federal case which imposes a duty of defense counsel to inform a plaintiff's counsel of the contents of the public court file.

██ Moreover, the court does not have a duty to telephone plaintiffs every time it takes action in a case. Such a procedure would be as time consuming as it would be condescending to the attorneys charged with responsibility for keeping track of their cases. Perhaps a clerical error did occur, and Grun did not receive notice. However, Grun had a continuing obligation to check on the status of his case. Grun had a full year to check the court's docket or to file a motion for a trial date. It is up to plaintiffs to move their cases forward in a timely fashion. It is the court's duty to manage those cases in an efficient and just manner. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *GCIU Employer Retirement Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198 (7th Cir. 1993) (quoting *Kagan,* 795 F.2d at 608.).

Three years have passed since the court dismissed this case. Pneumo Abex states that it has divested itself of several assets and that the division of Pneumo Abex at issue is no longer under Pneumo Abex's control, having been sold to another company. All of Pneumo Abex's witnesses are out of its control, and its records are scattered. Thus, Pneumo Abex would suffer great difficulty if the court reinstated Grun's case, because Grun took three years to file his motion.

 However, in his reply brief, Grun introduces a new argument: that the court's order of dismissal is void and must be vacated as void pursuant to Rule 60(b)(4), because it deprives Grun of due process of law. Rule 60(b)(4) allows courts to vacate "void" judgments. Fed.R.Civ.P. 60(b)(4). A judgment is void where the court which entered it lacked jurisdiction, acted in a manner inconsistent with due process of law, or entered a decree outside of its authority in a manner inconsistent with due process of law.'" *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply,* 55 F.3d 1311, 1316 (7th Cir.1995) (citations omitted). Grun asserts that, because he did not

receive "notice" of the trial date or the dismissal, that he was deprived of his "opportunity to be heard" in violation of due process requirements. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). He states, "Due process does not permit a court to convene a secret hearing and, without evidence, rule in favor of one party and against the other, giving notice of the outcome only to the successful party." (Reply at 5.) Thus, contends Grun, the court's order is void *ab initio,* as it was entered in a manner inconsistent with due process. Indeed, there is no time limit for attacking an order entered absent jurisdiction, *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 400 (7th Cir.1986), and "the reasonable time criterion of Rule 60(b) as it relates to [Rule 60(b)(4) ] void judgments means no time limit." *Rodd v. Region Constr. Co.,* 783 F.2d 89, 91 (7th Cir.1986).

██ The court could refuse to consider the argument at this juncture because Grun improperly waited until his reply brief to raise the Rule 60(b)(4) argument grounds and, consequently, the parties did not fully brief the issue. *See Doe v. Board of Educ. of Hononegah Community High Sch. Dist. # 207,* 833 F.Supp. 1366, 1380 n. 4 (N.D.Ill. 1993); *United States v. 105,800 Shares of Common Stock of FirstRock Bancorp, Inc.,* 830 F.Supp. 1101, 1133 n. 52 (N.D.Ill.1993). However, the court has considered the argument and finds that it fails to address a critical line of cases beginning with *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a district court did not abuse its discretion by dismissing a plaintiff's case with prejudice for want of prosecution, without notice or opportunity to be heard, where the district court was unwilling to accept plaintiff's counsel's excuse for failure to appear at a pretrial conference).

The *Link* Court began, "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629–30, 82 S.Ct. at 1388 (citation omitted).

Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily ren-

der such a dismissal void. It is true, of course, that 'the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked.' *Anderson National Bank v. Luckett*, 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692 [(1944)]. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process.

\* \* \* \*

In addition, the availability of a corrective remedy such as is provided by Federal Rule of Civil Procedure 60(b)—which authorizes the reopening of cases in which final orders have been inadvisedly entered—renders tha[t] lack of prior notice of less consequence.

*Id.* at 632, 82 S.Ct. at 1389–90. *See also Chambers v. NASCO, Inc.,* 501 U.S. 32, 48–50, 111 S.Ct. 2123, 2135, 115 L.Ed.2d 27 (1991); *Dickerson v. Board of Educ. of Ford Heights, Ill.,* 32 F.3d 1114, 1116 (7th Cir. 1994); *Otis v. City of Chicago,* 29 F.3d 1159, 1168 (7th Cir.1994) (noting that courts are not required to give notice of potential dismissals for want of prosecution).

In the instant case, the court finds that its dismissal order, entered after the parties failed to appear for trial, did not offend due process. Therefore, the order is not void for purposes of Rule 60(b)(4). The court's order setting the trial date was in the court's file and computer docket between April 7, 1993, and September 14, 1993—the date of dismissal. Thus, Grun should have known of the impending trial date. Apparently, neither Grun nor his counsel bothered to examine the file during that five-month period. Even if Grun did not receive actual notice of the trial date and the dismissal order was unadvisedly entered, Grun had an effective remedy for correcting any error via a 60(b) motion. Grun was effectively on constructive notice via the trial date order and dismissal order in the court's file and computer docket. However, he chose not to seek 60(b) relief for three years.

Although Grun may have tried half-heartedly to check on his case, by looking for a trial date on the court's calendar, he essentially "took a break" from pressing his case. One might ask whether he would attempt to verify death by inviting the deceased to dinner. As a result, he did not file a motion for reconsideration for three years. Grun's delay had serious ends: he ended up without a trial. The court will not exercise its discretion to reinstate the case at this juncture. Grun's motion to reinstate is denied.

■ Alternatively, the court finds that the dismissal order was void *ab initio*. Thus, the case is technically pending. The last properly-entered order was the order setting this case for trial. That order has been in the court's file and computer since April 3, 1993. Grun has long had constructive notice of the long-passed trial date and the court's clerical error. However, Grun waited three years to bring any error to the court's attention by motion for status or trial, disregarding his responsibility to move his case forward. He demonstrated an intent to abandon his action. Great prejudice to Pneumo Abex resulted. Pneumo Abex no longer has the ability to defend itself: its witnesses, evidence, and resources have dissipated. Consequently, in the alternative, the court dismisses the case for want of prosecution pursuant to Local General Rule 21(B) ("An order of dismissal for want of prosecution or an order of default may be entered if counsel fails to respond to a call of the case set by order of court").

■ The court is aware that dismissal with prejudice for want of prosecution is a strong sanction which must be reserved only for extreme circumstances. *See Barnhill v. U.S.,* 11 F.3d 1360, 1367 (7th Cir.1993). The court finds that Grun's failure to appear for trial and Grun's three-year delay render the instant circumstances extreme.

## CONCLUSION

The court denies Grun's motion to reinstate. In the alternative, the court vacates the original dismissal order but dismisses the case for want of prosecution.

IT IS SO ORDERED.