124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony P. CATALFO, Petitioner-Appellant,
v.
COMMODITY FUTURES TRADING COMMISISON, Respondent-Appellee.
 No. 96-1780.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 24, 1997.*
Decided July 7, 1997.
 
 1
 Before RIPPLE, ROVNER and EVANS, C.J.
 
 ORDER
 
 2
 The Commodity Futures Trading Commission ("CFTC") Division of Enforcement ("Division") brought a complaint against Anthony Catalfo charging him with manipulating and attempting to manipulate the prices of United States Treasury bond futures and options in violation of the Commodity Exchange Act and Commission rules. He was personally served with the complaint and failed to answer. Subsequently, Catalfo moved to vacate any defaults and stay the administrative proceedings until the conclusion of his criminal trial.
 
 
 3
 Catalfo was convicted of six counts of wire fraud under 18 U.S.C. § 1343 for his activities at the Chicago Board of Trade on October 22, 1992. See United States v. Catalfo, 64 F.3d 1070 (7th Cir.1995). The Administrative Law Judge ("ALJ") lifted the stay in the administrative proceedings and directed Catalfo to file an answer. Catalfo failed to answer and the Division moved for default judgment. Catalfo requested and the ALJ granted an extension of time, but again he failed to answer. The Division requested an immediate ruling on its motion and the ALJ entered the default judgment and imposed sanctions.
 
 
 4
 Acting pro se, Catalfo petitioned the Commission to vacate the default order which the Commission denied because Catalfo had not shown sufficient evidence of excusable neglect for failing to timely file an answer and had not sufficiently stated a meritorious defense to the underlying charge of Commodity Exchange Act violations. In re Anthony P. Catalfo and Darrell M. Zimmerman, [Current Transfer Binder] Comm. Fut. L. Rep. (CCH) p 26,636 (CFTC Feb. 29, 1996).[1] Catalfo's pro se petition for review of that decision is the subject presently before this court.
 
 
 5
 Catalfo contends that his failure to timely file an answer was occasioned by excusable neglect, namely the ineffectiveness of his counsel; that he stated meritorious defenses to the charge in his answer; and that his right to due process was violated because he was not given proper notice of the Division's request for an immediate ruling on its motion for default judgment. The CFTC contends that this court is without jurisdiction to hear the appeal because Catalfo failed to timely file the petition, and that if this court does review the merits we should conclude that the Commission did not abuse its discretion in denying Catalfo's motion to vacate he default judgment.
 
 
 6
 The Commodity Exchange Act provides that a party may appeal a Commission order within fifteen days after notice of the order. 7 U.S.C. § 9. The Commission's order was issued on, and Catalfo was notified on, February 29, 1996. Accordingly, Catalfo was required to file is petition with this court on or before March 15, 1996. Catalfo, incarcerated at the time, mailed his petition to the clerk of this court on March 14, 1996. The clerk's office received the petition on March 22, 1996, and returned it to Catalfo because the docketing fee was not included. Shortly thereafter, the clerk's office received the docketing fee, Catalfo sent the petition back to the clerk's office, and the petition was docketed on April 2, 1996.
 
 
 7
 Catalfo's petition was timely pursuant to Federal Rule of Appellate Procedure 4(c) and Houston v. Lack, 487 U.S. 266, 269-274 (1988). That he did not include the required fee with his petition for review is of no jurisdictional significance. See Fed. R.App. P. 15(e); Fed. R.App. P. 3; Fed. R.App. P. 3 Advisory Committee's Notes; and Cir. R. 3(b); Fed. R.App. P. 25(a). The prepayment requirements of the Prison Litigation Reform Act, if applicable, have not been violated because Catalfo's petition did not proceed beyond filing prior to payment of the required fee. See Martin v. United States, 96 F.3d 853, 856 (7th Cir.1996).
 
 
 8
 The CFTC may set aside a default judgment entered pursuant to Commission Rule 10.93 if a motion to set aside is brought within a reasonable time, the movant demonstrates good cause for the failure which resulted in the default, and the motion states a meritorious defense to the complaint with sufficient specificity including factual elaboration and an outline of a defense and rebuttal. 17 C.F.R. § 10.94; In re Temple, [1992-1994 Transfer Binder] Comm. Fut. L. Rep. (CCH) p 26,097, at 41,629 (CFTC June 1, 1994); Bure v. Daniels, [1984-1986 Transfer Binder] Comm. Fut. L. Rep. (CCH) p 22,695, at 30,965 (CFTC Aug. 29, 1985). See also Nelson v. City Colleges of Chicago, 962 F.2d 754, 756 (7th Cir.1992).
 
 
 9
 The CFTC denied Catalfo's motion to vacate the default judgment entered against him by the ALJ for three reasons. First, Catalfo contended that his failure to answer was occasioned by the excusable neglect of a misunderstanding with his lawyer, yet he failed to offer any evidence in support of that contention. Second, Catalfo's failure to answer was caused by repetitive and unexplained delays and inaction reaching dilatory extent. Finally, Catalfo's proposed meritorious defense was a bare denial of wrongdoing without an accompanying theory of how he would rebut the Division's complaint. The CFTC's determination is sound. Catalfo did not proffer enough detail for the CFTC to validate his claim of excusable neglect, and his proffered defense was unsupported and lacked sufficient particularity.
 
 
 10
 In Nelson, we held that "a client must exercise reasonable diligence in checking with his counsel and monitoring" his case. 962 F.2d at 756. A client's failure to keep himself apprised of the progress of his litigation because of ignorance or carelessness is without relief after a default judgment has been entered against him as a result of his counsel's actions. Id. In Pretzel & Stouffer v. imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir.1994), acknowledged that communication between lawyer and client is often difficult, but that the remedy is not to ignore filing deadlines but to request an extension of time.
 
 
 11
 Catalfo's counsel repeatedly requested extensions but also repeatedly missed the deadlines for answering. "[L]ack of communication between attorney and client [is] not a basis for showing of good cause...." Id. "Maintaining communication during the course of litigation is the responsibility of both attorneys and their clients." Id. In Pretzel & Stouffer; we likened lawyer-client communication troubles to "routine back-office problems" encountered by most trial attorneys most of the time, and noted that such workload pressures "do not rank high in the list of excuses for default" and do not typically establish good cause for defaulting. Id. at 46, quoting Connecticut National Mortgage Co. v. Brandstatter, 897 F.2d 883, 884-85 (7th Cir.1990).
 
 
 12
 Catalfo's situation does not illustrate good cause for his default whether his circumstances are interpreted as failed lawyer-client communications or as his own blind reliance on his lawyer without exercising any diligence of his own. Catalfo did not allege anything more definite than these two constructions.[2] Because, without more, " 'the law in this circuit is that an attorney's conduct must be imputed to his client in any context,' " Catalfo failed to demonstrate to the Commission excusable neglect or other good cause for his default. Nelson, 962 F.2d at 756, quoting United States v. DiMucci, 879 F.2d 1488, 1496 (7th Cir.1989).
 
 
 13
 That Catalfo did not demonstrate good cause is enough to deny his petition for review and affirm the CFTC's entry of default, but the CFTC also denied the motion to set aside the default because Catalfo failed to set forth a meritorious defense to the complaint. Catalfo's defense consisted only of the assertion that the significant price changes at issue in his case were the result of economic news (the unemployment number) and/or acts of the involved clearing firms and their brokers and merchants, and not as a result of his trading. However, Catalfo failed to specify the significance of the unemployment number or how the number accounted for the historically dramatic and short-lived price movements alleged in the Complaint. He also completely ignored the allegations of planned, undercapitalized, specifically timed, high-volume, and concerted trading. Accordingly, the CFTC was well within its discretion in determining that CtaCatalfo's's alleged meritorious defense was a bald assertion of innocence, wholly without support, explanation or direction. Moreover, as the CFTC astutely highlights in its brief, Catalfo's motion to the CFTC and his brief to this court fail to adequately address the charges against him for attempting to manipulate prices. As noted, Catalfo ignored the allegations of planned, undercapitalized, specifically timed, high-volume, and concerted trading. Though Catalfo was not required to prove his case in his mc ion, he needed to at least allege a meritorious defense, and this he has not done.
 
 
 14
 Finally, Catalfo claims that the ALJ was without jurisdiction to enter the default because the Division requested the decision on it pending motion by letter, which was not personally served upon Catalfo, and that the entry of default against him without his receiving personal notice violates his right to due process. His claim is without merit. Catalfo's lawyer was personally served with the letter requesting the immediate decision. There is no controlling rule or statute requiring such a request to be a formal pleading, to be verified by affidavit, or to be served upon the defendant directly.
 
 
 15
 Notice generally satisfies due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections...." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Service upon an attorney for the represented client is sufficient in most civil litigation. See Fed.R.Civ.P. 5(b). Indeed, service upon the attorney is naturally predicated upon the understanding that such notice is reasonably calculated to reach the client. Had the request by the Division been in the form of a pleading and verified by an affidavit of service, it would likely still have been served on Catalfo's attorney, and not Catalfo. See also Model Rules of Professional Conduct Rule 4.2 (1995). Catalfo has not suffered harm as a result of the Division's request being prepared as a letter and not a formal pleading.
 
 
 16
 Catalfo repeatedly failed to submit a timely answer to the Division's complaint for no reason other than his own carelessness or his lack of diligence in keeping abreast of the basic events of his litigation. His alleged meritorious defense is incomplete and unsupported. His lawyer was duly notified of the final action that resulted in the entry of default and Catalfo's due process rights were not violated by the character of that notice.
 
 
 17
 The petitioi for review is DENIED and the order of the Commission is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir, R. 34(f)
 
 
 [1]
 Shortly after Catalfo petitioned the Commission to vacate the default order, Catalfo's attorney moved to withdraw. The Commission granted the motion in its Opinion and Order deciding the case. Opinion and Order at 3, n. 2 (Feb. 29, 1996)
 
 
 [2]
 Catalfo's reliance on Feeder Line Towing Service, Inc. v. Toledo, Peoria & Western R.R. Co., 539 F.2d 1107, 1109 (7th Cir.1976), is misplaced because, as the CFTC noted in its brief, that case merely stands for the proposition that an attorney's good faith error may amount to excusable neglect sufficient to overcome a default judgment